COMMONWEALTH *VS.* DEMETRIUS ENNIS.

Plymouth. January 9, 2003. - May 19, 2004.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Practice Criminal,* Appeal, Attorney's fees, Costs, Rescript from appellate court, Interlocutory appeal.

This court announced a new procedure for the award of appellate attorney's fees and costs in cases brought pursuant to Mass. R. Crim. P. 15 (d), requiring defendants to file such requests within thirty days of either the denial of the Commonwealth's application for leave to file an interlocutory appeal, or the issuance of the rescript from the appellate court that decides the appeal, unless the defendant on motion shows good cause why an enlargement of time should be allowed [719-720]; further, this court announced a procedure to be used in deciding such requests, whereby the Justices who heard and decided the defendant's appeal will address the defendant's request for appellate attorney's fees and costs, except when the Commonwealth is denied leave to file an interlocutory appeal, in which case the single justice who denied the application will address the request [720-721].

A criminal defendant's request for the award of appellate attorney's fees pursuant to Mass. R. Crim. P. 15 (d), brought approximately seven months after the rescript issued from an interlocutory appeal, was not untimely where the Commonwealth did not claim that it suffered any prejudice as a result of the plaintiff's unexplained delay in making the request. [721]

In the particular circumstances of a case where a criminal defendant failed to carry his burden of demonstrating that his request for appellate attorney's fees and costs pursuant to Mass. R. Crim. P. 15 (d) was reasonable, and where the defendant failed to respond to the Commonwealth's opposition to his request, this court used the results of the Commonwealth's informal survey as the relevant reference point from which to determine the amount of fees to award the defendant, and concluded that the award would be for an amount less than the average represented in the Commonwealth's survey. [722-723]

INDICTMENT found and returned in the Superior Court Department on February 22, 2000.

Following review by this court, 439 Mass. 64 (2003), a motion for an award of attorney's fees and costs was filed, on December 1, 2003, in the Supreme Judicial Court for the Commonwealth.

The matter was submitted on the papers filed.

*Robert C. Thompson*, Assistant District Attorney, for the Commonwealth.

*Craig S. Havel* for the defendant.

MARSHALL, C.J. In *Commonwealth* v. *Ennis*, 439 Mass. 64 (2003), we reversed an order of suppression on an interlocutory appeal filed by the Commonwealth. Approximately seven months after the rescript issued, Demetrius Ennis filed a motion for an award of appellate attorney's fees and costs, pursuant to Mass. R. Crim. P. 15 (d), as appearing in 422 Mass. 1501 (1996). Ennis also filed an affidavit from counsel setting forth counsel's hourly rate and the number of hours spent working on the appeal. The Commonwealth filed an opposition, arguing that Ennis's request is untimely because it should have been made in his appellate brief, and because the court no longer has jurisdiction over the case. The Commonwealth also contests the amount of Ennis's request, arguing that neither counsel's hourly rate nor the number of hours spent working on the appeal is reasonable. The Commonwealth also claims that Ennis's request is excessive when compared to other rule 15 (d) awards.

In *Fabre* v. *Walton*, *ante* 9 (2004), we recently addressed the proper timing and procedure of a request for appellate attorney's fees and costs in civil cases, and described a new procedure for the award of such fees and costs. We take this opportunity to do the same for rule 15 (d) cases.

Rule 15 (d) is silent on when a defendant should file a motion for fees and costs.[1] In *Fabre* v. *Walton*, *supra* at 10, we determined that, in civil cases, a party requesting appellate attorney's fees and costs must do so in the appellate brief. See *Yorke Mgt.* v. *Castro*, 406 Mass. 17, 20 (1989). No such requirement has been imposed on defendants in rule 15 (d) cases. See *Commonwealth* v. *Goggin*, 412 Mass. 200, 203 (1992); *Commonwealth* v. *Chadwick*, 40 Mass. App. Ct. 425, 429 (1996);

---

[1]Rule 15 (d) of the Massachusetts Rules of Criminal Procedure, as appearing in 422 Mass. 1501 (1996), provides: "If an appeal or application therefor is taken by the Commonwealth, the appellate court, upon the written motion of the defendant supported by affidavit, shall determine and approve the payment to the defendant of his or her costs of appeal together with reasonable attorney's fees to be paid on the order of the trial court upon the entry of the rescript or the denial of the application."

*Commonwealth* v. *Beacon Distribs., Inc.,* 14 Mass. App. Ct. 570, 576 (1982). Such a requirement would make little sense in rule 15 (d) cases because the award of attorney's fees to defendants is mandatory and, moreover, the rule entitles a defendant to fees and costs not only when the Commonwealth is granted leave to file an interlocutory appeal, but also when the Commonwealth is denied such leave. See note 1, *supra.* See also *Commonwealth* v. *Murphy,* 423 Mass. 1010 (1996). Nevertheless, it is in the interests of the efficient administration of justice for a defendant to file a request for attorney's fees within a reasonable time after resolution of the Commonwealth's interlocutory appeal.

We therefore conclude that, after the date of this opinion, a defendant shall file a rule 15 (d) request within thirty days of either the denial of the Commonwealth's application for leave to file an interlocutory appeal, or the issuance of the rescript from the appellate court that decides the appeal, unless the defendant on motion shows good cause why an enlargement of time should be allowed.[2]

Here, Ennis filed his rule 15 (d) request approximately seven months after the rescript issued. Ennis provides no explanation for the delay, but the Commonwealth does not claim that it suffered any prejudice. In these circumstances, we conclude that Ennis's request is not untimely; in the future, defendants shall adhere to the thirty-day rule we announce today.

We reject the Commonwealth's claim that the court lacks jurisdiction to entertain Ennis's request because the rescript has already issued. A rule 15 (d) request is not a motion to rehear, alter, or amend the court's decision on the interlocutory appeal. Cf. *Dugan* v. *Selectmen of Dartmouth,* 413 Mass. 641, 642, 643 (1992) (motion for attorney's fees not untimely, despite plaintiff's having filed it two months after defendant fulfilled obligation under declaratory judgment, where motion for fees "was not a motion to alter or amend a judgment"). See *Society*

---

[2]On occasion, after it has been granted leave to file an interlocutory appeal, the Commonwealth has moved to dismiss its appeal. See *Commonwealth* v. *Sparks,* 431 Mass. 299 (2000); *Commonwealth* v. *Lopez,* 430 Mass. 244 (1999). In such cases, a defendant shall file a rule 15 (d) request within thirty days of dismissal of the appeal, unless the defendant on motion shows good cause why an enlargement of time should be allowed.

*of Jesus of New England* v. *Boston Landmarks Comm'n*, 411 Mass. 754, 756-757 (1992) (where no specific procedural rule of civil procedure regarding timely filing of petition for attorney's fees, determination of timeliness was "within the discretion of this court").

Having decided that Ennis's rule 15 (d) request is properly before us, we turn to the procedure to be used in deciding the request. In *Fabre* v. *Walton, supra,* we announced that in civil cases where a party seeks an award of appellate attorney's fees, the Justices who heard and decided the appeal, rather than a single justice, shall address the request. The same practice shall apply where, as here, a defendant files a rule 15 (d) motion for fees and costs in connection with an interlocutory appeal filed by the Commonwealth and decided by an appellate court.[3] For those cases where the Commonwealth is denied leave to file an interlocutory appeal, the single justice who denied the application is in the best position to determine rule 15 (d) fees and costs; such requests shall be addressed to that Justice.[4,5] Because Ennis's fee request arises from an interlocutory appeal decided by the court, the Justices who heard and decided the appeal now address the request.

---

[3]In seeking an award of attorney's fees, the defendant shall file with the clerk of the court a motion and affidavits detailing and supporting the attorney's fees and costs sought. See *Fabre* v. *Walton, ante* 9, 10 (2004). Because rule 15 (d) is mandatory, see *Commonwealth* v. *Lopez*, 430 Mass. 244, 245-246 (1999), the Justices will determine only the amount of the award. Contrast *Fabre* v. *Walton, supra* (Justices decide whether to award appellate fees as well as amount). The Commonwealth shall be afforded thirty days to respond to the defendant's request, and the court will then enter an appropriate order. *Id.* at 10-11. Any party aggrieved by the order may request reconsideration from the court. *Id.* at 11.

[4]The defendant shall file a motion and supporting affidavit with the clerk of the court within thirty days after the denial of leave to file the appeal. The Commonwealth shall be afforded thirty days to respond to the defendant's request, and the single justice shall then enter an appropriate order. Any party aggrieved by the order may request reconsideration from the single justice. Appellate review of the order of the single justice "is generally not available." *Commonwealth* v. *Gonsalves*, 432 Mass. 613, 615 n.2 (2000), *S.C.*, 437 Mass. 1022 (2002), and *post* 1007 (2004).

[5]For those cases where the Commonwealth is granted leave to file an interlocutory appeal but moves to dismiss the appeal before it is decided, a defendant shall direct a rule 15 (d) motion to the single justice. The same time limits shall apply as are set forth above.

We begin with the recognition that Ennis has "the burden of showing that the claimed rate and number of hours are reasonable." *Society of Jesus of New England* v. *Boston Landmarks Comm'n, supra* at 759. See *Margolies* v. *Hopkins,* 401 Mass. 88, 93 (1987); *Mulhern* v. *Roach,* 398 Mass. 18, 30-31 (1986); Mass. R. Prof. C. 1.5 (a), 426 Mass. 1315 (1998).[6] In his affidavit, Ennis's appellate counsel states only that his hourly rate is $200, that he devoted 64.3 hours to working on the interlocutory appeal, and that he spent $61.19 on commercial copying, for a total of $12,921.19.

Counsel has failed to provide any basis as to why his $200 rate is reasonable for the services he provided in this case. See *Society of Jesus of New England* v. *Boston Landmarks Comm'n, supra;* Mass. R. Prof. C. 1.5 (a). He filed no affidavit describing his usual billing rate or that of attorneys with similar years of criminal appellate experience who practice in his locale. Contrast *Stowe* v. *Bologna,* 417 Mass. 199, 201-202 & n.3, 203-204 (1994) (parties seeking fees submitted eighteen affidavits, two letters, and survey of market rates for attorneys in Boston area); *Stratos* v. *Department of Pub. Welfare,* 387 Mass. 312, 323-325 & n.12 (1982) ("Calculation of reasonable hourly rates should begin with the average rates in the attorney's community for similar work by attorneys of the same years' experience"). As for the 64.3 hours claimed by Ennis, we conclude that the number of hours is unreasonable. Counsel's opposition to the Commonwealth's application for leave to file an interlocutory appeal was brief and repeated arguments made in Ennis's motion to suppress. In addition, the Commonwealth's claim on ap-

[6]Rule 1.5 (a) of the Massachusetts Rules of Professional Conduct, 426 Mass. 1315 (1998), provides, in pertinent part: "The factors to be considered in determining whether a fee is clearly excessive include the following: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent."

peal was limited to a single, circumscribed issue — whether the recording of a telephone conversation violated the Massachusetts wiretap act, G. L. c. 272, § 99.

Significantly, Ennis failed to respond to the Commonwealth's opposition to his rule 15 (d) request. In support of its opposition, the Commonwealth submitted an affidavit presenting the results of an "informal survey" of the amounts of rule 15(d) awards in fourteen cases from across the Commonwealth over approximately eight years. The Commonwealth represents the highest award in its informal survey to be approximately $13,000, and the lowest award to be $1,536.54. The average of the awards in the survey is $5,746.21; the median is $5,026.99. While we recognize that the survey is not, nor does it purport to be, complete, we accept that the Commonwealth's affidavit was submitted in a good faith attempt to rebut defense counsel's claim of reasonableness. Accordingly, in the particular circumstances of this case, where Ennis has failed to carry his burden of demonstrating the reasonableness of his request, we use the results of the Commonwealth's informal, and unopposed, survey as the relevant reference point from which to determine Ennis's fees.

The amount of a reasonable attorney's fee is largely discretionary with the judge, who is in the best position to determine how much time was reasonably spent on a case, and the fair value of the attorney's services. *Fontaine* v. *Ebtec Corp.*, 415 Mass. 309, 324 (1993). See *Ross* v. *Ross*, 385 Mass. 30, 38-39 (1982); *Linthicum* v. *Archambault*, 379 Mass. 381, 388 (1979). In light of the limited nature of the legal issue involved in the Commonwealth's underlying interlocutory appeal, Ennis's failure to satisfy his burden of showing the reasonableness of his request, and Ennis's failure to respond to the Commonwealth's opposition, we conclude, in our discretion, that Ennis is entitled to a rule 15 (d) award less than the average represented in the Commonwealth's survey. We determine the appropriate amount to be $4,000.

*So ordered.*