BENJAMIN G. FARNUM *vs.* MESITI DEVELOPMENT & others.[1]

No. 06-P-297.

Suffolk. October 10, 2006. - March 12, 2007.

Present: GREENBERG, SMITH, & GELINAS, JJ.

*Practice, Civil,* Attorney's fees, Costs, Failure to raise issue. *Zoning,* Special permit. *Appeals Court,* Appeal from order of single justice. *Jurisdiction,* Land Court. *Land Court,* Jurisdiction.

A single justice of this court properly affirmed the Land Court judge's award to the defendants of attorney's fees and costs, pursuant to G. L. c. 231, § 6F, based on a finding in the Land Court that the plaintiff's claim was wholly insubstantial and frivolous, and was not advanced in good faith, where the plaintiff waived any argument that the defendants' motions were not timely through his failure to raise it before the Land Court judge [421-422], and where the docketing in this court of the appeal from the judgment did not divest the Land Court of jurisdiction to act on motions for fees and costs, as those were collateral proceedings [422-423]; further, the claim that the fees and costs awarded were unreasonable as a matter of law did not rise to the level of acceptable appellate argument [423-424].

CIVIL ACTION commenced in the Land Court Department on June 4, 2002.

A proceeding for review of an order to pay attorney's fees and costs was heard in the Appeals Court by *Katzmann, J.*

*Dana Alan Curhan (Brad A. Bennion* with him) for the plaintiff.

*Marc J. Goldstein (Thomas J. Urbelis* with him) for the defendants.

SMITH, J. The plaintiff, Benjamin G. Farnum, appeals from an order of the single justice of this court, affirming an award pursuant to G. L. c. 231, § 6F, by a Land Court judge of $218,537.29 in attorney's fees and costs to defendant Mesiti Development (Mesiti) based on a finding in the Land Court that

---

[1]Planning board of North Andover and the town of North Andover.

Farnum's claim was wholly insubstantial, frivolous, and not advanced in good faith.

*Background.* Mesiti sought a special permit from the planning board of North Andover (board) to construct ninety-six town houses on a locus across the street from land owned by Farnum. Farnum, an objecting abutter, claimed as his principal basis for standing that the project's water drainage system would have a negative effect on his land; he also complained of adverse vehicular traffic consequences. After a hearing, the board granted a special permit to Mesiti.

In an action brought in the Land Court pursuant to G. L. c. 40A, § 17, Farnum sought to overturn the board's decision. Following a three-day trial, a Land Court judge ruled in a thirteen-page decision that Farnum did not have standing because he was not aggrieved and, therefore, could not assert a claim under G. L. c. 40A, § 17. Farnum appealed and this court affirmed the judgment in an unpublished memorandum and decision pursuant to our rule 1:28. *Farnum* v. *Mesiti Dev.*, 64 Mass. App. Ct. 1113 (2005).

On September 22, 2005, almost fifteen months after the Land Court judgment entered, and while the appeal therefrom was pending, defendants Mesiti and the town of North Andover (town) filed motions for attorney's fees, costs, and expenses under G. L. c. 231, § 6F. A hearing was held on the motions on October 18, 2005. On October 26, 2005, the decision on the direct appeal was rendered by this court (with the rescript issuing to the Land Court on November 23, 2005). On November 14, 2005, the trial judge issued her decision on the § 6F motions.[2] The judge's order awarded to Mesiti a total of $218,537.29, including $154,558.20 in legal fees and

---

[2]The trial judge's findings on the § 6F motions included the following with regard to the trial of Farnum's claims of standing: "This is not a case where this court weighed the testimony of opposing experts and credited one over the other. [Farnum's] own expert engineer failed to support [Farnum's] speculative fears regarding drainage. . . . [Farnum] did not present any evidence that contradicted Mesiti's expert that the Project would have only a negligible effect on traffic generally, and no special effect on [Farnum]. . . . Even [Farnum's] expert conceded that the relevant traffic intersection likely would function acceptably and below capacity after the Project was built."

$37,753.16 in costs.[3] The order also awarded $6,886.46 in attorney's fees and costs to the town. Farnum took an appeal from the award to a single justice of this court, who affirmed the order on February 1, 2006. Farnum has appealed from the single justice's order.

On appeal, Farnum primarily argues that (1) Mesiti and the town's § 6F motions were not timely filed; and (2) the award to Mesiti of over $200,000 in attorney's fees and costs is excessive.[4]

According finality to the findings and decision of the single justice, "we limit our review of the single justice's order to any alleged error of law or abuse of discretion." *Karellas* v. *Karellas*, 61 Mass. App. Ct. 716, 720 (2004).

1. *Farnum's claim that the defendants' motions were untimely.* General Laws c. 231, § 6F, does not specify when a motion for

---

[3]The $218,537.29 total included $26,225.93 in legal fees incurred in connection with the direct appeal of the judgment to this court. The judge stated that the latter amount was not recoverable in the Land Court but only by a motion in the Appeals Court. See *Yorke Mgmt.* v. *Castro*, 406 Mass. 17, 19-20 (1989). By mistake, however, the judge nonetheless included the $26,225.93 in the total award.

[4]Farnum also claims on appeal that the record does not support a finding that Farnum's claim was frivolous and not advanced in good faith. On this point, the single justice concluded as follows: "Having reviewed the fee award on the basis of the subsidiary facts as found by the trial judge . . . the single justice concludes that the plaintiff's claims were wholly insubstantial, frivolous, and not advanced in good faith . . . ."

Review by a single justice of an award pursuant to G. L. c. 231, § 6F, is "de novo in the sense that the single justice may draw his or her own ultimate conclusions as to the merits of a fee award, [but] that review is based on 'the subsidiary facts as found by the trial judge.' " *Danger Records, Inc.* v. *Berger*, 444 Mass. 1, 9 (2005), quoting from *Miaskiewicz* v. *LeTourneau*, 12 Mass. App. Ct. 880, 882 (1981).

In a review of a single justice order affirming a trial judge's award pursuant to G. L. c. 231, § 6F, "the underlying factual findings adopted and accepted by the single justice are to be treated as 'final' and are not themselves subject to further review. Only errors of law committed in connection with an award under § 6F may be corrected on appeal from the single justice's decision under [G. L. c. 231,] § 6G." *Danger Records, Inc.* v. *Berger*, 444 Mass. at 12-13.

Farnum's argument raises a question as to the factual support in the record for the finding that Farnum's claims were wholly insubstantial, frivolous, and not advanced in good faith. Our review of the single justice's decision on that point is foreclosed by the standards articulated in the *Danger Records* case.

attorney's fees and costs must be filed. Farnum claimed in his appeal to the single justice from the order of the Land Court judge that the § 6F motions for fees and costs were not timely filed because the motions were filed almost fifteen months after the entry of the judgment in the Land Court. The single justice rejected the contention, noting that § 6F does not specify any time period within which a motion must be filed and that no appellate court has imposed a requirement that the motion be filed within a reasonable time after the entry of a judgment.[5] In the circumstances, we do not reach Farnum's timeliness argument because it was waived through his failure to raise it before the trial judge.[6] See *Custody of Kali*, 439 Mass. 834, 839 (2003); *Mitchell* v. *Hastings & Koch Enterprises, Inc.*, 38 Mass. App. Ct. 271, 281 n.10 (1995).

2. *Farnum's claim that Land Court lacked jurisdiction to award attorney's fees and costs.* As a corollary to Farnum's claim that Mesiti and the town's motions were untimely, he claims that the Land Court was divested of jurisdiction to award attorney's fees and costs once the appeal from the judgment had been docketed in this court. Because we view this claim as a challenge to the subject matter jurisdiction of the Land Court, and because subject matter jurisdiction can never be waived, it may be raised for the first time on appeal. See *Chestnut-Adams*

---

[5]We note, however, that the fact that G. L. c. 231, § 6F, does not specify when a motion for attorney's fees and costs must be filed may turn out to be a trap for the unwary.

In *Commonwealth* v. *Ennis*, 441 Mass. 718, 719-720 (2004), the court was called upon to decide whether a motion for appellate fees and costs pursuant to Mass.R.Crim.P. 15(d), as appearing in 422 Mass. 1501 (1996), was timely filed. Rule 15(d) also is silent on when a defendant should file a motion for fees and costs. The court held that "it is in the interests of the efficient administration of justice for a defendant to file a request for attorney's fees within a reasonable time after resolution of the Commonwealth's interlocutory appeal." *Commonwealth* v. *Ennis, supra* at 720. A rule 15(d) motion is similar to a motion for fees under G. L. c. 231, § 6F, in that it is "not [a motion] to rehear, alter, or amend the court's decision." *Commonwealth* v. *Ennis, supra.* See *Ben* v. *Schultz*, 47 Mass. App. Ct. 808, 813-814 (1999). Therefore, the Supreme Judicial Court may hold, in the future, that § 6F motions must be filed within a reasonable time frame.

[6]In fact, Farnum argued the opposite to the Land Court judge: that the § 6F motions were prematurely filed because the direct appeal had not yet been decided.

*Ltd. Partnership* v. *Bricklayers & Masons Trust Funds of Boston, Mass.,* 415 Mass. 87, 90 (1993), and cases cited.

Although Farnum correctly claims that the docketing of the appeal divests the Land Court of jurisdiction to act on motions relating to the judgment, this well-recognized procedural rule generally relates only to motions to rehear or vacate the judgment. See *Commonwealth* v. *Cronk,* 396 Mass. 194, 197 (1985); *Springfield Redev. Authy.* v. *Garcia,* 44 Mass. App. Ct. 432, 434-435 (1998). A motion under § 6F is a collateral proceeding, separate from but not entirely divorced from the underlying judgment. See *Ben* v. *Schultz,* 47 Mass. App. Ct. 808, 814 (1999). See also *Budinich* v. *Becton Dickinson & Co.,* 486 U.S. 196, 200 (1988) ("As a general matter, at least, we think it indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain"). As such, it does not affect the underlying judgment, and the docketing of the appeal from that judgment does not divest the lower court of subject matter jurisdiction to entertain a § 6F motion.

3. *The reasonableness of the amount of Mesiti's attorney's fees and costs.* Mesiti's lead counsel requested an award of $218,537.29 for attorney's fees and costs: $180,784.13 in attorney's fees and $37,753.16 in costs. In support of his request, counsel submitted twenty-one invoices from two law firms with whom he was employed during the pendency of the action in the Land Court and the subsequent appeal by Farnum to this court.[7] The invoices set out in considerable detail the amount of time spent by lead counsel and his associates and staff on each task associated with preparation for trial.

After the nonevidentiary hearing on the § 6F motions, the judge issued a memorandum of decision, in which she stated her finding that the hourly rates of Mesiti's lawyers and their legal staff were reasonable. The judge also found that "the amounts requested by Mesiti are reasonable, given the number of hours required for Mesiti's lawyer[s] and expert witnesses to prepare properly for an action where Mesiti bore the burden of going forward and persuasion in a de novo trial." The judge al-

---

[7]Nine of the invoices, totaling $26,225.93, were concerned with legal fees incurred by Mesiti's lawyers in regard to Farnum's appeal of the Land Court judgment in the underlying case to this court. See note 3, *supra.*

lowed the request and awarded $218,537.29, the amount sought by Mesiti.

Farnum claims that the attorney's fees and costs awarded to Mesiti were unreasonable as a matter of law.[8] Farnum does not challenge the competence, reputation, and ability of Mesiti's lawyer and his associates or the hourly rates charged or the result obtained by counsel. Instead, he contends that the number of hours expended in the preparation for the trial, and the trial itself, was unreasonable.

In a single paragraph in his brief, Farnum argues that the number of hours was excessive because (1) the trial lasted only three days; (2) there were few substantive motions and relatively few depositions; (3) Mesiti's experts at trial were the same experts it used at the hearing before the board; and (4) Mesiti could have sought the same result by moving for summary judgment.

We hold that the above "reasons" do not rise to the level of acceptable appellate argument within the meaning of Mass. R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). See *Powers* v. *H.B. Smith Co.*, 42 Mass. App. Ct. 657, 664-665 (1997).

Farnum had information from the invoices submitted by Mesiti as to the time spent by lead counsel and his associates in preparation for trial. Yet, despite the information, Farnum did not cite in his brief to any particular occasion where he claims that the time spent was unreasonable.

We are not obliged, nor is the single justice obliged, on appeals concerning the award of fees pursuant to G. L. c. 231, § 6F, to read through the submitted documents in search of material that may support the arguments in the appellant's brief. See *Cole* v. *New England Mut. Life Ins. Co.*, 49 Mass. App. Ct. 296, 297 (2000). It is appellate counsel's duty to refer specifically to those areas where he or she believes that hours that were expended were unreasonable. That was not done here.

*Conclusion.* We therefore affirm the order of the single justice, although that order is modified to direct the Land Court to amend its order on the § 6F motions by subtracting from

---

[8]Farnum does not make any argument that the amount of legal fees and costs awarded to the town was excessive.

Mesiti's award the $26,225.93 in attorney's fees and costs for work performed on the appeal of the original judgment. See notes 3 and 7, *supra.*[9]

*So ordered.*

---

[9]While we essentially affirm the order of the single justice, in view of the issues raised by Farnum in regard to whether the § 6F motion was timely filed, and the jurisdictional question, Farnum's appeal on this matter is not frivolous. Therefore, we deny Mesiti's request for attorney's fees and costs associated with this appeal.