Garsh, E. Susan, J.
The motion for attorneys fees, costs and expenses, pursuant to G.L.c. 231, §6F, is untimely. That statute permits a motion to be filed once there has been “a finding, verdict, decision, award, order or judgment.” G.L.c. 231, §6F. The motion need not await entry of judgment. This court issued its Findings of Fact, Rulings of Law and Order for Judgment on March 31, 2008. Yet not until January 26, 2009 did Blackstone LLC (“Blackstone”) and Michael Kunigenas (“Kunigenas”) file their motion seeking an award under section 6F.[3] Once a party files such a motion, the court may determine, after a hearing, that all or substantially all of the claims asserted against the moving party were “wholly insubstantial, frivolous, and not advanced in good faith.” G.L.c. 231, §6F. If the court makes such a finding, it must articulate the specific facts and reasons on which the finding is based. Id. Appeals from rulings on motions pursuant to G.L.c. 231, §6F are expedited.[4] Ben v. Schultz, 47 Mass.App.Ct. 808, 810 (1999) (General Laws c. 231, §6G prescribes expedited process for appealing from a decision concerning a §6F motion).
Although G.L.c. 231, §6F does not contain any express time limitation for filing a motion, the necessary and inevitable implication of its provisions is that a motion requesting the court to find that claims asserted against the moving parties were wholly insubstantial, frivolous, and not advanced in good faith must be filed within a reasonable time. Otherwise, the time for filing a motion would extend forever, allowing a pariy to file a request for attorney’s fees years after a decision or verdict has been rendered.
Construing this statute to permit the moving parly total freedom to choose when to file its motion defies common sense. “[A] court, in construing a law, tries to apply it as it thinks the legislature probably intended it to be applied.” In re Rachal, 25 Mass.App.Ct. 126, 130 (1987). The Legislature is assumed to have acted reasonably. Attorney Gen. v. School Comm. of Essex, 387 Mass. 326, 336 (1982). As the Legislature undoubtedly appreciated, unduly delayed motions would wreak havoc with the efficient administration of justice. Cf. Walsh v. Ogorzalek, 372 Mass. 271, 274-75 (1977) (rejecting, as clearly not intended by the Legislature, an interpretation of the tolling statute that “would allow suits to be postponed indefinitely, for no good purpose, and to be brought in some cases at the virtually unlimited pleasure of the plaintiff”); see also Alve’s Case, 451 Mass. 171, 174(2008) (observing that courts often borrow a statute of limitations when none is supplied); State Bd. of Retirement v. Woodward, 446 Mass. 698, 707 (2006) (absent an express or implied legislative intent that a statutory provision not be time limited, courts should look to the nature of the claim to determine the appropriate statute of limitations); Norman J. Singer, Statutes and Statutory Construction §45:12, at 82-85 (6th ed. 2000) (“It is a ‘well established principle of statutory interpretation that the law favors rational and sensible construction’ ”).
Considering the statutory scheme as a whole, the court concludes that the intent of the Legislature was that a motion filed under section 6F be filed within a reasonable time, and the court so construes the statute. Cf. Commonwealth v. Ennis, 441 Mass. 718, 720 (2004) (construing Mass.R.Crim.P. 15(d), which is silent on when a defendant should file a motion for fees and costs, as requiring a defendant to file a request for attorneys fees “within a reasonable time” after *198 resolution of the Commonwealth’s interlocutory appeal). See Powell v. Stevens, 69 Mass.App.Ct. 87, 92 (2007) (characterizing as “legally sound” trial judge’s conclusion that conducting a G.L.c. 231, §6F hearing long after directed verdict was impractical). In Powell the Appeals Court agreed with what the motion judge had “cogently observed,” namely that “[t]he necessary time for such a hearing procedure comes immediately after the primary event of a verdict, ruling, or order. At that moment, the total circumstances of the case are full and fresh in the mind of the judge. The hearing can proceed efficiently and in continuity with the underlying proceeding.” Id. at 92 n.7. See also Farnum v. Mesiti Development, 68 Mass.App.Ct. 419, 422, n.5 (2007) (although the Appeals Court declined to reach timeliness argument because it had been waived, it noted, based upon Ennis, that “the Supreme Judicial Court may hold, in the future, that §6F motions must be filed within a reasonable time frame”).
In determining whether the section 6F motion at issue was filed within a reasonable time, the court will consider the reasons for delay, the ability of the mov-ant to learn of the grounds earlier, prejudice to the parties, if any, and the important interest of finality and efficient administration of justice. Cf. Owens v. Mukendi 448 Mass. 66, 74 (2006) (interpreting the phrase “reasonable time” in the context of Mass.R.Civ.P. 60(b)). The defendants have proffered no good reason for their delay. Once the decision was rendered, they were in full possession of all the grounds articulated in their motion and could have brought their motion when the legal issues and evidence were fresh in the minds of the litigants and the court. “(B]oth parties stand to be prejudiced depending on the outcome of the motion, and .. . any greater prejudice that might inure to [the moving party] is offset by the system’s important interest in finality” and the efficient administration of justice. Id. at 76. The facts of this individual case lead the court to conclude that the section 6F motion was not filed in a reasonable time.
Apart from its lack of timeliness, the motion is without merit. A judge of this court (Connor, J.), in ruling on the plaintiffs’ motion for a preliminary injunction, issued a decision allowing the motion after finding a reasonable likelihood that the plaintiffs would succeed. The decision allowing the preliminary injunction states that “there are facts from which to infer that the defendants are involved intentional [sic] scheme to deprive the Hubbards of the fruits of their second mortgage . . . What concerns the court is the overwhelming evidence that the relationship among Kunigenas, Godbout and Williams is not at arm’s length but rather raises an inference that Kunigenas may be an agent for Godbout or in collusion with Godbout and Williams to wipe out the Hubbards’ interest.”
In light of this ruling, the claims asserted in the complaint could hardly be characterized as “wholly insubstantial, frivolous and not advanced in good faith.” G.L.c. 231, §6F. In the original complaint, the plaintiffs asked for a declaration that the purported assignment of the mortgage at issue to Blackstone be deemed an extinguishment of the mortgage under principles of equity and that the plaintiffs be deemed to be the current first mortgagees as a matter of law. The motion to amend the complaint, brought shortly before the trial, explicitly converted this prayer for relief into a count for equitable subordination. To the extent that the defendants argue that, as a matter of law, its assignment could never be subjected to principles of equitable subordination because it had no duty to pay the mortgage, the court rejected that position in its Findings of Fact, Rulings of Law and Order for Judgment, stating that “if the party who pays the mortgage has no legal duty to pay, the court must look at the intent of parties to determine if the mortgage has been assigned or extinguished.”
Furthermore, while not finding a basis on the facts of this case to grant relief in equity, the court recognized that common law principles of equity might justify subordination of a first mortgage. Section 6F explicitly provides that no finding shall be made that any claim was wholly insubstantial, frivolous and not advanced in good faith solely because a novel or unusual argument or principle of law was advanced in support thereto. When the trial commenced, there were still facts from which an inference could have been drawn that the defendants were involved in an intentional scheme to deprive the plaintiffs of the fruits of their second mortgage; there still was overwhelming evidence that the relationship among Kunigenas, Godbout, and Williams was not at arm’s length, and there still were facts that might support an inference that Kunigenas may be an agent for Godbout or in collusion with Godbout and Williams to wipe out the Hubbards’ interest.
A plaintiff may prove its case through direct or circumstantial evidence. The fact that at trial this court found Kunigenas to be a credible witness and chose not to draw the inferences advanced by the plaintiffs in support of their equitable subordination claim does not mean that another fact-finder would have reached the same result. The equitable subordination claim was neither wholly insubstantial nor frivolous.
Immediately prior to commencement of the trial, the plaintiffs voluntarily dismissed their claims against Blackstone and Kunigenas for violation of G.L.c. 93A and civil conspiracy, and those defendants voluntarily dismissed their counterclaims against the plaintiffs for slander of title and interference with advantageous business relations. The plaintiffs’ decision to voluntarily dismiss their claims for civil conspiracy and violation of chapter 93A does not indicate that these claims were frivolous or that they had not been advanced in good faith.
ORDER
For the reasons set forth above, it is ORDERED that the Motion of Blackstone, LLC and Michael Kunigenas *199 for an Award of Counsel Fees, Costs, and Expenses under Mass. Gen. L. C. 231, §6F be and hereby is DENIED.

Judgment entered in favor of Blackstone, LLC and Michael Kunigenas on August 19, 2008. The plaintiffs did not appeal.

A party aggrieved by a decision on a motion pursuant to section 6F has only ten days to file a notice of appeal after notice of the decision thereon. G.L.c. 231, §6G.