Salinger, Kenneth W., J.
Having obtained a $25,000 settlement on behalf of a class of residential tenants seeking a return of their securiiy deposits, Plaintiffs’ counsel are entitled to recover reasonable attorneys fees and costs under G.L.c. 93A, §9(4), and G.L.c. 186, §15B(2)(a). Defendants cannot avoid liability for attorneys fees in this class action on the ground that they tried to resolve the first named plaintiffs personal claim by returning his $100 deposit. That attempt to “pick off’ the named plaintiff did not moot the proposed class action. For the reasons discussed below, the Court concludes that plaintiffs’ counsel are entitled to recover $60,000 in reasonable attorneys fees (rather than the $88,818.76 sought by plaintiffs’ counsel) plus $3,598.80 in reasonable expenses.
1. Effect of Tender to Named Plaintiff
Defendants argue that Plaintiffs may not recover any attorneys fees because Defendants returned the first named plaintiffs $ 100 securiiy deposit before suit was filed. That assertion is unavailing. After Plaintiffs’ counsel served a demand letter seeking the return of securiiy deposits paid by members of a putative class of tenants or former tenants, Defendants responded by returning the named plaintiffs deposit, without addressing the claims of the other putative class members. Defendants ultimately agreed to the certification of a class consisting of 291 current or former tenants.
Defendants’ decision to refund the named plaintiffs deposit did not resolve the claims of the many other class members, and thus did not obviate the need for Plaintiffs’ counsel to continue to process the class claims. Plaintiffs could and did cure any problem with the named plaintiffs standing by adding a second named plaintiff whose securiiy deposit was still being held by Defendants. As a general rule, “[i]f an individual ‘may not maintain the action on [his or her] own behalf, he or she may not seek relief on behalf of a class.’ ” Barbara F. v. Bristol Div. of Juvenile Court Dept., 432 Mass. 1024 (2000) (rescript), quoting Doe v. The Governor, 381 Mass. 702, 704-05 (1980); but see Weld v. Glaxo Wellcome, Inc., 434 Mass. 81, 88 (2001) (holding that suitability of class representative *411 should be analyzed “as a matter of civil procedure under rule 23 rather than as a matter of standing,” and that named plaintiff could represent class in suit against three defendant manufacturers even though he only had an individual claim against one of them); School Comm. of Brockton v. Massachusetts Comm’n Against Discrim., 423 Mass. 7, 14-15 (1996) (union was proper class representative of teachers, even though union itself suffered no injury). But a proposed class of plaintiffs should generally be given the chance to obviate any challenge to the named plaintiff s standing by adding or substituting another representative. After all, in class actions “the class itself is the real party in interest.” Weld, 434 Mass. at 88, quoting Cedar Crest Funeral Home, Inc. v. Lashley, 889 S.W.2d 325, 329 (Tex.Ct.App. 1993) (emphasis in original).
For this reason, a defendant facing a threatened class action cannot moot the lawsuit by paying the named plaintiff the full amount of her individual damages without addressing the claims on behalf of the putative class. As the United States Supreme Court has observed, “the fact that a named plaintiffs substantive claims are mooted due to an occurrence other than a judgment on the merits does not mean that all the other issues in the case are mooted. A plaintiff who brings a class action presents two separate issues for judicial resolution. One is the claim on the merits; the other is the claim that he is entitled to represent a class.” United States Parole Comm’n v. Geraghty, 445 U.S. 388, 402 (1980) (holding that denial of class certification could be reviewed on appeal even though named plaintiffs personal claim has become moot). Thus, “(requiring multiple plaintiffs to bring separate actions, which effectively could be ‘picked off by a defendant’s tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions; moreover it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement.” Deposit Guar. Nat. Bank Jackson, Miss. v. Roper, 445 U.S. 326, 339 (1980) (holding that denial of class certification could be reviewed on appeal even though defendant had tendered maximum potential recovery of two named plaintiffs, and district court had entered judgment in favor of named plaintiffs over their objection).
Consistent with these Supreme Court decisions, the apparent majority view of federal appellate courts is that “an unaccepted Rule 68 offer of judgment — for the full amount of the named plaintiffs individual claim and made before the named plaintiff files a motion for class certification — does not moot a class action.” Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1091-92 (9th Cir. 2011); accord, e.g., Lucero v. Bureau of Collection Recovery, Inc., 639 F.3d 1239 (10th Cir. 2011); Weiss v. Regal Collections, 385 F.3d 337, 342-50 (3d Cir. 2004). There is a split among the United States Courts of Appeals on this issue. See Genesis Healthcare Corp. v. Symczyk, 133 S.Ct. 1523, 1528 & n.3 (2013); see also Yaakov v. ACT, Inc., 987 F.Sup.2d 124, 126-28 (D.Mass. 2014) (Hillman, J., collecting cases). The Supreme Court did “not reach this question, or resolve the split” in Genesis Health, because the majority concluded that the issue was not “properly before” the Court. Id. at 1528-29. The four dissenting justices would have reached the issue and held that a class action is not mooted by an unaccepted offer to pay the full amount of the named plaintiffs individual claims. As Justice Kagan explained, “an unaccepted offer of judgment cannot moot a case. When a plaintiff rejects such an offer— however good the terms — her interest in the lawsuit remains just what it was before. And so too does the court’s ability to grant her relief. An unaccepted settlement offer — like any unaccepted contract offer — is a legal nullity, with no operative effect.” Id. at 1533 (Kagan, J., dissenting, joined by Ginsburg, Breyer, and Sotomayor, J.J.).
The Court is persuaded by the federal case law discussed above, and concludes that the same reasoning applies to the class action provisions of Mass.R.Civ.P. 23 and G.L.c. 93A. Cf. Smaland Beach Ass’n, Inc. v. Genova, 461 Mass. 214, 228 (2012) (judicial construction of federal rules of civil procedure applies to parallel state rules, “absent compelling reasons to the contrary or significant differences in content” (quoting Strom v. American Honda Motor Co., 423 Mass. 330, 335 (1996), and Rollins Envtl. Servs., Inc. v. Superior Court, 368 Mass. 174, 180 (1975)).
The principle that a defendant cannot evade a viable class claim by paying the named plaintiffs personal claim is of particular importance in the context of class actions brought on behalf of individual consumers under G.L.c. 93A, §9(2). The Legislature enacted that statute to ensure that there is an effective remedy for people who are harmed by an unfair or deceptive act or practice of a person or business engaged in trade or commerce in Massachusetts, even if each consumer who was harmed as a result suffers such a small injury that none of them could reasonably seek adequate compensation on an individual basis. “(W]hen the judge is deciding a [class] certification request under [G.L.c. 93A,] §9(2), the judge must bear in mind [that there is] ’ ”a pressing need for an effective private remedy" for consumers, and that “traditional technicalities are not to be read into the statute in such a way as to impede the accomplishment of substantial justice.” ’ “ Aspinall v. Philip Morris Companies, Inc., 442 Mass. 381, 391-92 (2004), quoting Fletcher v. Cape Cod Gas Co., 394 Mass. 595, 605 (1985). Similarly, consumers do not lose the chance to seek an effective private remedy through a c. 93A class action merely because the defendant chooses to pay the entire amount of the named plaintiffs individual claim. Although the Massachusetts appellate courts have apparently not addressed this issue, other trial *412 judges have reached the same conclusion with respect to class actions under G.L.c. 93A. See Meaney v. OneBeacon Ins. Co., SUCV2007-01294-BLS2, 2007 WL 5112809, *2 (Mass.Super.Ct. 2007) (Gants, J.); Hermida v. Archstone, 950 F.Sup.2d 298, 309 (D.Mass. 2013) (Young, J.) (citing Meaney); Chang v. Wozo, LLC, No. 11-10245-DJC, 2012 WL 1067643, *9 (D.Mass. 2012) (Casper, J.) (citing Meaney).
Since the claims of the class as a whole were not resolved by the return of the first named plaintiffs $100 security deposit, it was reasonable for Plaintiffs’ counsel to continue to litigate this matter on behalf of the putative class even after Defendants returned the named plaintiffs deposit.
2. Reasonableness of Request
Chapter 93A provides that a prevailing party “shall ... be awarded reasonable attorneys fees and costs incurred in connection” with an action seeking relief under that statute, whether the action is brought by individual consumers as in this case or by an entity that itself is engaged in trade or commerce. See G.L.c. 93A, §§9 and 11. Consistent with the statute, Defendants agreed to pay the attorneys fees and litigation expenses that the Court determines to be fair and reasonable, and to make that payment within 30 days. “While the amount of a reasonable attorneys fee is largely discretionary, a judge ‘should consider the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases.” Twin Fires Investment, LLC v. Morgan Stanley Dean Witter & Co., 445 Mass. 411, 429-30 (2005) (reviewing award of attorneys fees under c. 93A), quoting Linthicum v. Archambault, 379 Mass. 381, 388-89 (1979). “No one factor is determinative, and a factor-by-factor analysis, although helpful, is not required.” Id. at 430, quoting Berman v. Linnane, 434 Mass. 301, 303 (2001).
‘The basic measure of reasonable attorneys fees is a ‘fair market rate for the time reasonably spent preparing and litigating a case.’ ” Stowe v. Bologna, 417 Mass. 199, 203 (1994), quoting Fontaine v. Ebtec Corp., 415 Mass. 309, 326 (1993). Plaintiff “has ‘the burden of showing that the claimed rate and number of hours are reasonable.’ ” Commonwealth v. Ennis, 441 Mass. 718, 722 (2004), quoting Society of Jesus of New England v. Boston Landmarks Comm’n, 411 Mass. 754, 759 (1992). “In applying for judicial approval of a fee award, it is the plaintiffs burden to furnish the evidence required, not the court’s burden to seek it out.” Weinberger v. Great N. Nekoosa Corp., 925 F.2d 518, 527 n.11 (1st Cir. 1991).
Plaintiffs ask the Court to award $88,818.76 in fees for work performed by five different lawyers from January 2013 to October 2014, plus an additional $3,598.80 in expenses. For the reasons discussed below, the Court concludes that the amount of attorneys fees requested by Plaintiffs is excessive, that Plaintiffs are entitled to recover $60,000 as a reasonable fee for the legal services provided by Plaintiffs’ counsel in this action, and that Plaintiffs are also entitled to recover the entire $3,598.80 in claimed expenses.
2.1. Time Spent
The Court finds that most of the many hours spent by Plaintiffs’ counsel on this lawsuit were reasonable because they were made necessary by Defendant’s own tactics. The dispute was not resolved at the time Plaintiffs served their initial demand letter because Defendants refused to offer anything to settle the claims of class members other than the first named plaintiff. Nor was the dispute resolved in May 2013 when Defendants tendered payment of the security deposits owed to 105 tenants, plus five percent interest, but were unwilling to resolve the claims of the remaining almost 200 class members. Defendants opposed the certification of a class, on the grounds that the named plaintiff lacked standing and that in any case the numerosity and typicality requirements were not met and a class action was not an appropriate method for resolving the claims of the putative class members. As a result Plaintiffs’ counsel were forced to prepare and argue a motion for class certification and supporting papers, a motion to amend the complaint by adding an additional named plaintiff, and a second amended complaint. Defendants also forced Plaintiffs’ counsel to file motions to compel the appearance of a Rule 30(b)(6) deposition witness and to compel the production of documents. Plaintiffs’ counsel’s preparation for and participation in mediation was time well spent, as it led to a settlement of the case. But, even after an otherwise successful negotiation with the help of a mediator, Defendants filed a motion asking the court to order that any amount left in the settlement fund be paid to a mosque in a cy pres distribution. This forced Plaintiffs’ counsel to prepare a short cross motion pointing out that Defendants’ request was inconsistent with Mass.R.Civ.P. 23(e)(2), which requires that any residual funds that remain from a class action settlement must be disbursed either to nonprofit organizations that support projects “that will benefit the class or similarly situated persons,” or to the Massachusetts IOLTA Committee “to promote access to the civil justice system for low income residents of the Commonwealth.”
However, Plaintiffs have not demonstrated that all of the hours for which their counsel now seek compensation was for work that was reasonably necessary and should be paid for by the Defendants.
First, the Court will not award any compensation for the 42.3 hours of work p er formed by Attorney Chris Saccardi, which Plaintiffs value at $11,880. Plaintiffs were represented by five lawyers in this case. Attorney *413 Josh Gardner was lead counsel — he did an excellent job and achieved a fine result. He received limited assistance from his partner Nick Rosenberg and his associate Jenny Rodriguez — most of the time they spent on this case was reasonable. Attorney Edward Rice was the main contact with the two named plaintiffs, and most of the time that he spent on the case was reasonable. But Plaintiffs have not demonstrated that there was any need for Attorney Saccardi to work on this case. Almost all of Saccardi’s time entries are for reviewing the work product of other lawyers on the case or conferring with his co-counsel. Plaintiffs have not demonstrated that there was a need for a fifth lawyer to work on this fairly simple and straightforward class action. The Court will therefore not award any fees for the time attributed to Attorney Saccardi or for time that other lawyers on the case spent talking to Attorney Saccardi.
Second, the Court will not award any compensation for purely clerical work performed by Plaintiffs’ counsel. Plaintiffs seek $3,725 in compensation for 29.8 hours of clerical work, at a rate of $ 125 per hour. That is not appropriate. “Clerical and secretarial work is not compensable, as it is [generally] part of overhead and generally not charged to clients.” Dajbabic v. Rick’s Café, 995 F.Sup.2d 210, 214 (E.D.N.Y. 2014); accord, e.g., Nadaralah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009); Michigan v. E.P.A., 254 F.3d 1087, 1095-96 (D.C.Cir. 2001).
Third, the Court will not award any compensation for work spent preparing summary judgment papers that evidently were neither served nor filed. Plaintiffs’ counsel had a responsibility to exhaust settlement efforts before incurring the cost of preparing a summary judgment motion and supporting papers. Plaintiffs have not shown that it was reasonable under the circumstances to draft summary judgment papers without waiting to see whether the settlement efforts that resulted in an agreement to mediate would bear fruit.
Fourth, there was no apparent need for three lawyers to attend the Rule 30(b)(6) deposition of the Defendants. Attorney Gardner was perfectly capable of conducting that deposition himself, without the aid of Attorneys Rice and Saccardi.
2.2. Hourly Rates
The Court finds that Plaintiffs have not met their burden of proving that the hourly rates sought by their lawyers are reasonable for work on a fairly simple class action seeking the return of residential tenants’ security deposits. Plaintiffs seek $350 per hour as compensation for work by Attorney Gardner (who now has eleven years’ experience as a lawyer), Attorney Rosenberg (who has ten years’ experience as a lawyer), and Attorney Rice (who has nineteen years’ experience as a lawyer). They seek $275 per hour for work by Attorney Rodriguez (who only graduated from law school two years ago, in 2012).
Plaintiffs provide no evidence that either these lawyers or other lawyers in Middlesex County charge and are paid a similar rate for the kind of work done in this case. Plaintiffs note that at least one federal district judge recently awarded these hourly rates for lawyers of comparable experience who were handling a similar case. That does not fully meet Plaintiffs’ burden to prove that the rates they propose reflect the market value of the legal work performed in this case, however. “Calculation of reasonable hourly rates should begin with the average rates in the attorney’s community for similar work by attorneys of the same years’ experience.” Ennis, 441 Mass. at 722, quoting Stratos v. Department of Pub. Welfare, 387 Mass. 312, 323-25 & n.12 (1982). Parties seeking attorneys fees “have the burden to produce satisfactoiy evidence that the rates ‘are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.’ ” Society of Jesus of New England, 411 Mass. at 759 n. 11, quoting Blum v. Stenson, 465 U.S. 886, 895 n.ll (1984). The relevant question is what rates clients actually pay for comparable work.
Even if the Court construed the affidavits of Plaintiffs’ counsel as stating that the hourly rates they seek as compensation in this case are their standard hourly rates, that would not meet Plaintiffs’ burden of proof. Where a fee “award is provided for by statute and is assessed against the party having no contractual relationship with the attorney involved, the standard of reasonableness depends not on what the attorney usually charges but, rather, on what his services were objectively worth” in the market for similar legal services. Haddad v. Wal-Mart Stores, Inc. (No. 2), 455 Mass. 1024, 1026 (2010) (rescript) (crediting affidavits regarding rates lypically charged by attorneys for comparable work), quoting Heller v. Silverbranch Constr. Corp., 376 Mass. 621, 629 (1978). This same “standard of reasonableness” applies to attorneys fees claimed under G.L.c. 93A. See Homsi v. C.H. Babb Co., Inc., 10 Mass.App.Ct. 474, 481 (1980). Evidence of a lawyer’s so-called standard, normal, or customary rates “are of little aid to a court in establishing the actual market [rate] for the legal services provided here,” because it is so common for clients to obtain discounts from those baseline rates, for lawyers to discount the hours of work for which they actually charge their clients and thereby create a lower effective billing rate, or for lawyers to collect different rates for different kinds of work." Cf. McDonough v. City of Quincy, 353 F.Sup.2d 179, 187 (D.Mass. 2005) (Young, J.).
The Court finds that it is reasonable to award attorneys fees in this case based on a $300 hourly rate for Attorneys Gardner, Rosenberg, and Rice, and an hourly rate of $200 for Attorney Rodriguez. It may be that lawyers in Middlesex County with experience and expertise similar to that of Plaintiffs’ counsel hired to *414 provide services similar to those in this case are paid at higher rates than the amounts the Court has deemed reasonable. But Plaintiffs have not met their burden of proving that to be true.
2.3. Damages Sought and Results Obtained
The reductions in compensable hours and hourly rates discussed above have the effect of reducing Plaintiffs’ total fee request from roughly $88,000 to roughly $60,000. The Court declines to reduce this figure fiirther on the ground that it is excessive in light of the results achieved, as Defendants argue. This matter could have been resolved at substantially less cost if Defendants had not fought so vigorously over returning security deposits that by law they were required to return to their tenants.
Having adopted a fight-eveiything-at-any-cost approach to this lawsuit, Defendants cannot now complain that Plaintiffs’ counsel should not have taken so long and spent so much time in resolving this matter. By statute, reasonable attorneys fees must be awarded under c. 93A “irrespective of the amount in controversy.” G.L.c. 93A, §9(4) and §11. “Chapter 93A is unique” in this respect because “it mandates an award of attorneys fees to a prevailing party even if quantifiable damages are lacking.” Drywall Systems, Inc. v. ZVI Constr. Co., Inc., 435 Mass. 664, 672 (2002). Of course, plaintiffs who prevail under c. 93A may not be entitled to recover attorneys fees that are disproportionate to “the result obtained” and “the amount of damages" and other relief sought. Twin Fires, 445 Mass. at 429-30, quoting Linthicum, 379 Mass. at 388-89; see also Rex Lumber Co. v. Acton Block Co., Inc., 29 Mass.App.Ct. 510, 521 (1990) (attorneys fee request under c. 93A must be reduced where “(t]he time and labor devoted to the case were plainly excessive” in light of “the difficulty of the legal and factual issues and the amount at stake”). However, Defendants may not complain that fees for work made necessary by their own litigation tactics are excessive in light of the results achieved. See A.C. Vaccaro, Inc. v. Vaccaro, 80 Mass.App.Ct. 635, 643 (2011) (where parties have “fought the case vigorously,” the resulting “adversity and complexity of litigation can propel the amount of reasonably necessary legal work beyond a proportionate relationship with an ultimate damages verdict”).
2.4. Expenses
Plaintiffs have demonstrated that they incurred $3,598.80 in expenses for filing fees, mediation fees, publishing legal notices to class members, purchasing deposition transcripts, and a small amount of photocopying. Defendants have not challenged these amounts. The Court finds that they are reasonable, and that Plaintiffs are entitled to recover them.
ORDER
Final judgment shall enter ordering the parties to proceed with the funding and distribution of the settlement fund as provided in the settlement agreement, and ordering Defendants to pay Plaintiffs’ counsel a total of $63,598.80 in reasonable attorneys fees and expenses within 30 days of the date of this order.