COMMONWEALTH vs. CHRISTOPHER MURPHY. August 6, 1996. *District Attorney. Practice, Criminal,* Attorney's fees, Interlocutory appeal.

At issue is who should pay the attorney's fees determined and approved pursuant to Mass. R. Crim. P. 15 (d), as appearing in 422 Mass. 1501 (1996). A Superior Court judge allowed the defendant's motion to suppress evidence, and the prosecutor (the district attorney for Hampden) applied to a single justice of this court for leave to appeal. Mass. R. Crim. P. 15 (a) (2), as appearing in 422 Mass. 1501 (1996). The application was denied.[1] The defendant then moved for determination and approval of attorney's fees pursuant to rule 15 (d). The single justice allowed the motion and ordered that "15 hours of time at $125 an hour, amounting to $1,925 . . . be paid by [the] Commonwealth from the funds of the District Attorney for the County of Hampden." On reconsideration, the single justice affirmed. The prosecutor filed a notice of appeal.[2] We affirm the determination and approval of payment.

---

[1]The defendant was represented in the Superior Court by counsel appointed through the private counsel division of the Committee for Public Counsel Services (CPCS). In proceedings before the single justice, the defendant was represented by private counsel who had not been appointed by CPCS.

[2]Appellate review of a Mass. R. Crim. P. 15 (b), as appearing in 422 Mass. 1501 (1996), order is not available. We need not resolve the question whether a determination under Mass. R. Crim. P. 15 (d), as appearing in 422 Mass. 1501 (1996), is appealable. Because of the "important practical issues presented," we consider the is-

Rule 15 (d) provides that, where the defendant is represented by private counsel and the Commonwealth seeks an interlocutory appeal pursuant to rule 15 (a) (2), the Commonwealth shall pay the defendant's costs of appeal together with reasonable attorney's fees. We agree with the single justice that the appellate costs and reasonable attorney's fees incurred by a defendant represented by private counsel should be paid by the prosecution.

At the hearing before the single justice, the prosecutor argued that the single justice should order payment from the Commonwealth's general fund. That argument is without merit. The State Treasurer has no duty "to disburse any monies on behalf of the Commonwealth in the absence of an appropriation therefor." *Bromfield* v. *Treasurer & Receiver Gen.*, 390 Mass. 665, 671 (1983).

The prosecutor also suggested that the Committee for Public Counsel Services (CPCS) be ordered to pay the defendant's costs and attorney's fees. That argument also is without merit. CPCS monies are appropriated for the costs of counsel appointed for indigent defendants. Last, the prosecutor contended that the judiciary should pay these costs. The single justice correctly noted that the costs of prosecution and defense appeals do not properly belong to the judiciary. In sum, the single justice determined that the prosecutor bears the costs of its appeals, and the fees mandated by rule 15 (d) are one of those costs.

Last, the prosecutor argues that the single justice's order took its office by surprise. The prosecution asserts that it had no notice that it must pay these fees and no money was appropriated to meet these costs. Investigation by the court and counsel after oral argument revealed that the Administrative Office of the Trial Court (AOTC) has paid such bills in the past.[3] To the extent that AOTC has appropriated funds to pay these bills, it should continue to pay these claims. If AOTC funds are exhausted or if the Legislature has not appropriated funds to AOTC for this purpose, then prosecutors must bear these costs. Prosecutors should seek appropriated funds from the Legislature for this purpose if they intend to seek appeals under rule 15.

For the reasons stated, the order of the single justice is affirmed. It is, however, modified to order the AOTC to pay the fees ordered in this case. As modified, the judgment of the single justice is affirmed.

*So ordered.*

*Judy Zeprun Kalman*, Special Assistant District Attorney (*Pamela L. Hunt*, Assistant Attorney General, with her) for the Commonwealth.

*William T. Walsh, Jr.*, for the defendant.

---

sue. *Commonwealth* v. *Dunigan*, 384 Mass. 1, 5 (1981), quoting *Gilday* v. *Commonwealth*, 360 Mass. 170, 171 (1971). See G. L. c. 211, § 3 (1994 ed.).

[3]The number of fees were small, partly because these costs and fees are only imposed on defendants represented by private counsel, and partly because the denial of an application for interlocutory review did not provide for the payment of costs and fees until April 14, 1995. Mass. R. Crim. P. 15 (d), as appearing in 420 Mass. 1501 (1995). See *Latimore* v. *Commonwealth*, 417 Mass. 805, 807-809 (1994).