COMMONWEALTH vs. DOMINGO LOPEZ.

Hampden. September 13, 1999. - October 8, 1999.

Present: ABRAMS, LYNCH, GREANEY, MARSHALL, & IRELAND, JJ.

*Controlled Substances. Practice, Criminal,* Motion to suppress, Interlocutory appeal, Attorney's fees.

An order denying a defendant attorney's fees and costs, sought under Mass. R. Crim. P. 15 (d) upon a rule 15 (a) application or appeal by the Commonwealth, is itself appealable. [245-246]

Rule 15 (d) of the Massachusetts Rules of Criminal Procedure mandates the payment to a defendant of costs of appeal and reasonable attorney's fees upon the determination of the Commonwealth's application under rule 15 (a). [246]

A matter arising under Mass. R. Crim. P. 15 (d) was remanded for a determination of the amount of reasonable attorney's fees and costs due the defendant. [246-247]

INDICTMENT found and returned in the Superior Court Department on September 5, 1996.

A motion to suppress evidence was heard by *Bertha D. Josephson*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Thomas H. Townsend*, Assistant District Attorney (*Jane Davidson Montori*, Assistant District Attorney, with him) for the Commonwealth.

*John M. Thompson* (*Joseph M. Kenneally* with him) for the defendant.

*Michael J. Traft*, for Massachusetts Association of Criminal Defense Lawyers, amicus curiae, submitted a brief.

GREANEY, J. We review in this case an order of the Appeals Court that denied an award of attorney's fees and costs. The attorney's fees and costs were sought by the defendant's attorney pursuant to Mass. R. Crim. P. 15 (d), as appearing in 422 Mass. 1501 (1996), in connection with an interlocutory appeal by the Commonwealth from an order of a Superior Court judge allow-

ing the defendant's motion to suppress. We vacate the order of the Appeals Court and remand the case to that court for a determination of the reasonable amount of the attorney's fees and costs and the entry of an order for their payment.

The background of the dispute is as follows. The defendant was charged in the Superior Court with trafficking in cocaine in violation of G. L. c. 94C, § 32E (b). He filed a motion to suppress evidence seized as a result of the stop and search of the motor vehicle in which he was traveling. The judge held an evidentiary hearing and, in a written decision, allowed the motion to suppress. A single justice of this court granted the Commonwealth leave to pursue an interlocutory appeal to the Appeals Court from the order granting suppression. See Mass. R. Crim. P. 15 (a) (2), as appearing in 422 Mass. 1501 (1996). After oral argument on the appeal, the Appeals Court entered an order remanding the case to the motion judge to make additional findings of fact. The judge made the requested findings. The Commonwealth concluded that the additional findings made its position on the appeal untenable and moved to dismiss the appeal "without costs." The Appeals Court allowed the Commonwealth's motion and dismissed the appeal "with prejudice and without costs to any party." The defendant's appellate counsel, who was privately retained by the defendant,[1] filed a motion under rule 15 (d) for the payment of reasonable attorney's fees and costs for his work in opposing the Commonwealth's interlocutory appeal. The Commonwealth filed a written opposition to the motion. The Appeals Court treated the rule 15 (d) motion as a motion to reconsider its initial order on attorney's fees and denied the motion "substantially for the reasons stated in the Commonwealth's opposition." We granted the defendant's application for further appellate review.

1. We reject the Commonwealth's argument that an order denying a defendant his attorney's fees and costs under rule 15 (d) cannot be appealed by the defendant. As we shall explain, rule 15 (d) requires such a payment. An order denying payment to a defendant of attorney's fees and costs (as distinguished from an order allowing payment) is a final order that deprives the defendant and his attorney completely of a payment required by the rule. Because rule 15 (d) is an integral part of rule 15, which concerns interlocutory appeals, it logically follows that an order denying a defendant his attorney's fees and costs after

---

[1]Defense counsel in the Superior Court was also privately retained.

the decision on a rule 15 (a) application by the Commonwealth to appeal, or the appeal itself, is appealable.

2. Rule 15 (d) reads as follows: "(d) COSTS UPON APPEAL. If an appeal or application therefor is taken by the Commonwealth, the appellate court, upon the written motion of the defendant supported by affidavit, *shall determine and approve* the payment to the defendant of his or her costs of appeal together with reasonable attorney's fees to be paid on the order of the trial court upon the entry of the rescript or the denial of the application" (emphasis added). The Reporters' Notes state that "[t]his subdivision was drafted to dispel any uncertainty concerning the defendant's right to reimbursement of his or her costs of appeal and attorney's fees. The appellate court is to determine the amount to be paid to the defendant, which payment is to be received from the Commonwealth." Reporters' Notes to Mass. R. Crim. P. 15 (d), Mass. Ann. Laws, Rules of Criminal Procedure at 182 (Lexis 1997). In *Commonwealth* v. *Murphy*, 423 Mass. 1010, 1011 (1996), we held that the prosecution bears the costs of an interlocutory appeal under rule 15, "and the fees mandated by rule 15 (d) are one of those costs." See K.B. Smith, Criminal Practice and Procedure § 1490 (2d ed. 1983 & Supp. 1999). The rule and the governing law establish that payment of the defendant's attorney's fees and costs is mandatory, and, as a consequence, there is no basis to support any of the Commonwealth's arguments that the payment lies within the discretion of the appellate court.[2] See *Commonwealth* v. *Cook*, 426 Mass. 174, 180-181 (1997).

3. The Commonwealth has not disputed the reasonableness of the amount requested by the defendant's attorney for fees and

[2]In its memorandum filed in the Appeals Court in opposition to the motion of the defendant's counsel for attorney's fees and costs, the Commonwealth argued that the application should be denied because its interlocutory appeal was not "frivolous." In its brief to this court, the Commonwealth adds to that argument the assertion that rule 15 (d) is subject to the statement in Mass. R. Crim. P. 2 (a), 378 Mass. 844 (1979), that the rules of criminal procedure are to be construed "to secure . . . fairness in administration, and the elimination of [unnecessary] expense." From this statement, the Commonwealth concludes that a literal interpretation of rule 15 (d) is not appropriate when the Commonwealth pursues what it considers to be a meritorious appeal. For the reasons stated, these arguments cannot overcome the black letter of the rule which states what it means and means what it states. Compare Mass. R. Crim. P. 30 (c) (8) (B), 378 Mass. 900 (1978), expressly providing for the discretionary payment of reasonable attorney's fees and costs of a defendant in connection with an appeal from a final order on a motion for postconviction relief.

costs. The Commonwealth has concentrated on the main issue pertaining to the meaning of rule 15 (d), rather than on the corollary issue of the payment that is due, if its position on the main issue was rejected. In view of the fact that public funds are involved, we believe that the Commonwealth should be granted the opportunity to indicate in writing to the Appeals Court within thirty days of the issuance of the rescript whether it wishes to challenge the amount of the attorney's fees and costs requested by the defendant. If there is such a challenge, the Appeals Court is to conduct appropriate proceedings to determine the amount of attorney's fees and costs due the defendant.

4. So much of the order of the Appeals Court dated February 12, 1999, which denies the defendant his attorney's fees and costs, and the order dated February 25, 1999, affirming that denial after reconsideration, are vacated. The case is remanded to the Appeals Court for further proceedings consistent with this opinion to determine the reasonable attorney's fees and costs due to the defendant under rule 15 (d), and for the entry of an appropriate order of payment.

*So ordered.*