COMMONWEALTH *vs.* HARMON P. SPARKS, SR.

Hampden. February 11, 2000. - April 25, 2000.

Present: MARSHALL, C.J., ABRAMS, LYNCH, IRELAND, SPINA, & COWIN, JJ.

*Practice, Criminal,* Attorney's fees, Costs. *Attorney at Law,* Compensation.

An attorney appointed to represent an indigent criminal defendant for trial, who unilaterally and on his own initiative engaged two other private attorneys to represent his client during the course of an interlocutory appeal, was not entitled to reimbursement from the Commonwealth for his or the other attorneys' fees pursuant to Mass. R. Crim. P. 15 (d). [302-304]

INDICTMENT found and returned in the Superior Court Department on June 5, 1996.

A motion to dismiss was heard by *William H. Welch,* J.

After interlocutory review by the Appeals Court and entry of an order by a panel of that court denying the defendant's motion for legal fees and appellate costs, the Supreme Judicial Court granted leave to obtain further appellate review.

*John M. Thompson (Joseph M. Kenneally* with him) for the defendant.

*Elizabeth Dunphy Farris,* Assistant District Attorney, for the Commonwealth.

MARSHALL, C.J. This case raises the issue whether, pursuant to Mass. R. Crim. P. 15 (d), as appearing in 422 Mass. 1501 (1996), the Commonwealth must reimburse the legal fees and appellate costs of private attorneys who, in an appeal, represented an indigent defendant who was already represented by a court-appointed attorney. The Appeals Court issued an order denying the defendant's motion for these fees and costs. We granted the defendant's application for further appellate review. We affirm the denial of the motion.

1. *Background.* On June 13, 1996, Richard J. Rubin was appointed by the Committee for Public Counsel Services (CPCS) to represent defendant Harmon P. Sparks, Sr., who had been

indicted on June 5, 1996, for manslaughter and for the illegal carrying of a firearm as a second-time offender. Mr. Rubin secured a dismissal of the manslaughter indictment against the defendant, pursuant to *Commonwealth* v. *McCarthy*, 385 Mass. 160 (1982), and the Commonwealth appealed. On the entry of the Commonwealth's appeal on March 20, 1997, Mr. Rubin was appellate counsel of record for the defendant. On September 10, 1997, the Commonwealth's appeal was dismissed pursuant to Standing Order 17A, but reinstated, on December 1, 1997, on the Commonwealth's motion.

Six months later, on May 28, 1998, Mr. Rubin filed in the Appeals Court a motion to postpone oral argument and enlarge the time in which to file his appellate brief on behalf of the defendant, which was allowed. In an affidavit in support of his motion, Mr. Rubin stated that he was counsel for the defendant, and that he was burdened with a particularly heavy caseload at the time. His affidavit does not suggest in any respect that his appointment by CPCS or otherwise was limited to representing the defendant in the trial court. Sometime in late May, 1998, Mr. Rubin, apparently on his own initiative, arranged for attorneys Joseph M. Kenneally and John M. Thompson to represent the defendant on appeal because of his heavy caseload, believing they would be compensated pursuant to rule 15 (d). There is nothing in the record to suggest that the defendant initiated any attempt at that time to terminate the services of Mr. Rubin, or that, before Mr. Rubin arranged for Mr. Kenneally and Mr. Thompson to represent him, sought to have new or alternative appellate counsel appointed to represent him. Mr. Kenneally and Mr. Thompson entered appearances in the Appeals Court on behalf of the defendant on July 3, 1998, filed a brief July 6, 1998, and argued the appeal on November 10, 1998.[1]

On March 1, 1999, while the Commonwealth's appeal from the dismissal of the manslaughter indictment was pending, the defendant entered a guilty plea to a manslaughter complaint that

---

[1]Mr. Rubin continued to represent the defendant in various lower court proceedings until he withdrew as counsel for the defendant on August 4, 1998, with Superior Court approval, due to conflicts with the defendant. The defendant requested, pro se, that new counsel be appointed, and it appears the Superior Court appointed other counsel to represent him in that court.

was based on the same facts and circumstances as those underlying the Commonwealth's appeal.[2] The Commonwealth then moved to dismiss its appeal, which was dismissed with prejudice on March 19, 1999. The defendant agreed to the motion, reserving his right to seek attorney's fees, while the Commonwealth reserved its right to object to the reasonableness of any requested fees. The three attorneys, on behalf of the defendant, then moved for costs and attorney's fees pursuant to Mass. R. Crim. P. 15 (d). Attached to the motion was an affidavit by Mr. Rubin stating that his assignment was for trial representation of the defendant and did not provide for the possibility of an interlocutory appeal.[3] The affidavit further stated that he engaged the services of Mr. Kenneally and Mr. Thompson to represent the defendant during the course of the interlocutory appeal, and that he consulted with those two as needed during the course of the appeal and later reviewed their time and activity records. An affidavit of Mr. Kenneally was also submitted with the motion, stating that in May, 1998, "Attorney Rubin hired me *to assist him in the representation* of the . . . defendant for purposes of the Commonwealth's appeal in this matter" (emphasis added).[4] None of these affidavits asserted that the defendant requested or authorized a change or substitution of counsel during the appeal.

On June 10, 1999, the Appeals Court issued its denial of the motion for fees and costs. The court noted that it was "unable to ascertain on the papers presented whether the defendant knew of and assented to his representation by Mr. Kenneally and Mr. Thompson." Mr. Rubin thereafter submitted an affidavit dated June 18, 1999, in which he stated that he "made the arrangement to have attorneys . . . Kenneally and . . . Thompson brief and argue [the defendant's] case against the Commonwealth's interlocutory appeal with Mr. Sparks' knowledge

---

[2]The defendant waived his right to an indictment, see Mass. R. Crim. P. 3 (d), 378 Mass. 847 (1979), and the Commonwealth proceeded in the Superior Court on a complaint charging manslaughter, to which the defendant pleaded guilty.

[3]Mr. Rubin signed the March 31, 1999, motion to the Appeals Court as the defendant's attorney along with the other two. The Appeals Court docket notes no withdrawal of Mr. Rubin as appellate counsel.

[4]Mr. Thompson's affidavit explained the situation somewhat differently, stating that in May, 1998, Mr. Rubin "engaged me and [Mr.] Kenneally on Mr. Sparks' behalf to represent Mr. Sparks in defending this appeal."

and authorization." This affidavit accompanied a motion for reconsideration, which was denied.

2. *Right to reimbursement for attorney's fees under rule 15 (d)*. Rule 15 provides for interlocutory appeals, including the Commonwealth's right to appeal from a trial judge's decision granting a motion to dismiss a complaint or indictment. Subsection (d) of that rule provides that, if the Commonwealth makes or applies for such an appeal, "the appellate court, upon the written motion of the defendant . . . shall determine and approve the payment to the defendant of his or her costs of appeal together with reasonable attorney's fees." The language of the rule is mandatory and does not contemplate different treatment for defendants represented by private counsel or court-appointed counsel. See K.B. Smith, Criminal Practice and Procedure § 1490 (2d ed. 1983 & Supp. 1999) (pursuant to rule 15 [d], "[w]hether or not the defendant is indigent, if an appeal . . . is taken by the Commonwealth, the appellate Court, upon the written motion of the defendant, supported by affidavit, must determine and approve the payment to the defendant of his costs of appeal together with reasonable attorney's fees").

Consequently, our decisions concerning rule 15 (d) have made clear that the rule's compensation applies where the defendant retains private counsel on appeal, even where a defendant was represented by court-appointed counsel at trial. See *Commonwealth* v. *Murphy*, 423 Mass. 1010, 1010 & n.1, 1011 (1996) (rescript opinion). See also *Commonwealth* v. *Lopez*, 430 Mass. 244, 245, 246 (1999). But these decisions do not stand for the proposition that a CPCS-appointed attorney may, in essence, conduct portions of the appellate work and subcontract out the remainder to private counsel on his own initiative, with compensation obtained thereafter for the private counsel by means of rule 15 (d).[5] Based on the record before us, there is no showing that this case is not a subcontracting arrangement by the court-appointed trial attorney primarily to assist with his workload difficulties.

---

[5]We note that our statutes provide for appointed counsel to represent indigent defendants at the appellate level. See G. L. c. 211D, § 14. Thus, the defendant's ability to obtain representation for defense against an interlocutory appeal by the Commonwealth was not dependent on the availability of reimbursement by means of rule 15 (d).

Appellate counsel for the defendant argue secondarily that the defendant retained private counsel, "through an authorized agent," that is, through Mr. Rubin, his CPCS-appointed trial counsel. It is not properly within the responsibilities or authority of CPCS-appointed trial counsel to serve as the defendant's agent to obtain private counsel to defend against an appeal without appropriate CPCS or court authority. In any event, on the basis of the record before us, the explanation that trial counsel was serving as the agent of the defendant appears to be an after-the-fact rationalization of an arrangement made for the convenience of an admittedly overworked CPCS-appointed attorney. It is telling that in the initial filing for rule 15 (d) compensation, there was no statement that the defendant had sought the substitution of private counsel to represent him for the interlocutory appeal. Nor did Mr. Rubin attempt to withdraw from his representation of the defendant in the Appeals Court, as he later did in the Superior Court. As late as March 31, 1999, he signed a motion as the defendant's appellate counsel.

That October 22, 1998, is the date of the first client contact noted by Mr. Thompson in his list of case activity details appended to his affidavit — well after Mr. Rubin engaged Mr. Thompson and after Mr. Rubin withdrew from representation of the defendant in the Superior Court — further suggests that Mr. Thompson was not hired as substitute counsel by the defendant.[6] A similar conclusion applies in Mr. Kenneally's case; he lists no client contact in the billing summary attached to his affidavit. Mr. Kenneally in fact states that Mr. Rubin hired him "to assist" Mr. Rubin in the appellate representation of the defendant. In a reply to the Commonwealth's opposition to the motion for costs, the three attorneys state that they were "[w]orking together" to file the appellate brief, and Mr. Rubin states by affidavit that he consulted with the other two as needed during the course of the appeal. These facts undermine any portrayal of this as a case where private counsel was substituted for the appeal at the initiation of the defendant or because trial counsel

---

[6]Mr. Thompson notes in his case activity records a letter sent to his client on October 22, 1998, and that he conferred with the client March 1, 1999.

was not authorized to represent him on appeal.[7] Appellate counsel indeed concede that Mr. Rubin did some work on the appeal,[8] and there is nothing in the record before us suggesting Mr. Rubin withdrew as the defendant's appellate counsel upon the hiring of Mr. Kenneally and Mr. Thompson to work on defending the appeal. We agree with the Appeals Court that, pursuant to rule 15 (d), the prosecution is not "required to reimburse private counsel for legal services arranged by court-

---

[7]Nothing in what we say today curtails the indigent defendant's right to dismiss appointed counsel and retain his own private counsel under a private payment arrangement, subject to procedural rules concerning change of counsel. See *Commonwealth* v. *Goldman*, 395 Mass. 495, 505, cert. denied, 474 U.S. 906 (1985), citing *Commonwealth* v. *Connor*, 381 Mass. 500, 504 (1980) (defendant has right to be represented by counsel of choice); *Commonwealth* v. *Drolet*, 337 Mass. 396, 401 (1958) ("defendant need not accept court appointed counsel, but the alternative is to be represented by himself, or such attorney as he can hire"). The Commonwealth concedes this right. Where the indigent defendant relies on appointed counsel, of course, he does not have "the right to dictate who shall be appointed." *Commonwealth* v. *Babb*, 416 Mass. 732, 735 (1994), citing *Commonwealth* v. *Drolet, supra* at 400-401. See *Costarelli* v. *Municipal Court of the City of Boston*, 367 Mass. 35, 45 (1975).

Because we do not hold that rule 15 (d) applies differently to indigent defendants who were previously represented by appointed counsel but at appeal take the initiative to obtain private counsel, see *Commonwealth* v. *Murphy*, 423 Mass. 1010, 1010 & n.1, 1011 (1996) (rescript opinion), as compared to those who can afford and have private counsel throughout trial and appeal, we need not address the defendant's equal protection arguments based on discrimination against the economically disadvantaged. There is also no question here of the defendant's being penalized for the exercise of his right to obtain appointed counsel, as the defendant also argues.

[8]Even if trial counsel retained by CPCS is not authorized to act as appellate counsel, there may be circumstances where due to the exigency of filing or appearance deadlines, or for other sound reasons, court-appointed trial counsel temporarily represents the defendant in the initial stage of the interlocutory appeal process. We note that in its performance guidelines governing representation of indigents in criminal cases CPCS specifies that "trial counsel should implement the client's decision" regarding an appeal and "file in a timely fashion the appropriate notice." Performance Standard 8.1(b), Committee for Public Counsel Services, Assigned Counsel Manual at 4-28 (Sept. 1999). It further provides that "[c]ounsel retains responsibility for the case until and unless another attorney assumes that responsibility. Trial counsel should file a Motion for Appointment of Substitute Counsel on Appeal so that appellate counsel will be appointed." *Id.* at Performance Standard 8.2, at 4-28.

appointed counsel without the knowledge or authorization of CPCS."[9]

3. *Reasonableness of the fees.* The Commonwealth asks this court to assess the reasonableness of the submitted attorney's fees, should we determine that rule 15 (d) requires reimbursement. Because we conclude that rule 15 (d) is inapplicable here, and no reimbursement is due, we need not reach this issue.

For the foregoing reasons, we affirm the denial of the defendant's motion for costs and fees.

*So ordered.*

---

[9]We also agree with that court that the attorneys' arrangement here does not appear to have been made in bad faith or for any improper purpose, but rather was based on a misunderstanding of rule 15 (d).