COMMONWEALTH *vs.* JOHN D. GONSALVES. March 12, 2004. *Practice, Criminal, Attorney's fees, District Attorney. District Attorney.*

The office of the district attorney for the Plymouth district (district attorney) appeals from a final order of a single justice in the county court enforcing three prior orders (that had been entered by another single justice) by directing the district attorney to pay attorney's fees and costs under Mass. R. Crim. P. 15 (d), as appearing in 422 Mass. 1501 (1996), in the aggregate amount of $15,410.94, to the defendant's private counsel. The sums in issue were incurred by the defendant's counsel in connection with the Commonwealth's unsuccessful appeal of the allowance of a motion to suppress cocaine seized and statements made to a State trooper, see *Commonwealth* v. *Gonsalves,* 429 Mass. 658 (1999) (*Gonsalves I*), and with efforts by defense counsel to enforce and collect the fees and costs, see *Commonwealth* v. *Gonsalves,* 432 Mass. 613, 614-615, 622 (2000) (*Gonsalves II*), and *Commonwealth* v. *Gonsalves,* 437 Mass. 1022, 1023 (2002) (*Gonsalves III*). We affirm the final order of the single justice.

1. We consider all the arguments made by the district attorney, including the argument that the final order violates art. 30 of the Declaration of Rights of the Massachusetts Constitution, to have been decided adversely to the district attorney in *Commonwealth* v. *Murphy,* 423 Mass. 1010, 1011 (1996), and *Gonsalves II, supra* at 615-622.[1] There is no need to revisit anything said in these decisions. The references in the *Murphy* case, *supra,* and in *Gonsalves II, supra* at 621-622, to funds separately appropriated by the Legislature to the district attorney's budget to pay outstanding orders under rule 15 (d) are aspirational and not a limitation on the source of payment. In the absence of funding by the Administrative Office of the Trial Court (AOTC), and in light of the district attorney's unsuccessful requests for appropriations for rule 15 (d) funds from the Legislature, the payment ordered by the single justice is

---

[1]We consider the appeal only to put it finally to rest. See *Commonwealth* v. *Gonsalves,* 432 Mass. 613, 615 n.2 (2000) (stating that appellate review of an order pursuant to Mass. R. Crim. P. 15 [d], as appearing in 422 Mass. 1501 [1996], is "generally not available").

to be made by the district attorney from currently budgeted funds or, if the district attorney chooses, from nonoperational funds, such as those in the district attorney's law enforcement trust fund under G. L. c. 94C, § 47 (*d*). In any event, the district attorney must bear the attorney's fees and costs, and pay them without further delay.

2. The final order of the single justice is affirmed. In connection with this appeal, the defendant's counsel may file an application for attorney's fees and costs, together with any appropriate supporting materials, with the clerk of the court for the Commonwealth within fourteen days of the date of the rescript. See *Fabre* v. *Walton, ante* 9, 11 (2004).

*So ordered.*

*John M. Thompson* (*Linda J. Thompson* with him) for the defendant.

*Robert C. Thompson*, Assistant District Attorney, for the Commonwealth.