COMMONWEALTH *vs.* JIMMY ROMAN ROSARIO. September 24, 2010. *Practice, Criminal,* Interlocutory appeal, Attorney's fees, Costs.

Jimmy Roman Rosario was indicted on various drug and weapons charges. His motion to suppress evidence obtained in the execution of a search warrant was allowed. The Commonwealth applied pursuant to Mass. R. Crim. P. 15 (a) (2), as appearing in 422 Mass. 1501 (1996), for leave to take an interlocutory appeal. A single justice allowed the application and directed that the appeal proceed in this court. However, the Commonwealth's appeal was never entered in the full court, as Rosario was indicted on Federal charges arising from the same evidence, the State indictments were nol prossed, and the Com-

---

[1]Jonathan J. Margolis and Rodgers, Powers & Schwartz, LLP.

monwealth withdrew its notice of appeal.[1] Rosario then filed a motion in the county court, supported by defense counsel's affidavit, for attorney's fees and costs incurred in opposing the Commonwealth's rule 15 application. See Mass. R. Crim. P. 15 (d), as appearing in 422 Mass. 1501 (1996). The single justice denied the motion on the ground that the rule does not authorize fees and costs for a case in this posture. He reaffirmed that denial on Rosario's motion for reconsideration. Rosario appeals.

The single justice's denial of Rosario's motion was based on the view that rule 15 (d) authorizes fees and costs in two situations only: (1) when the Commonwealth's application for leave to appeal is denied; or (2) when the application is granted and the appeal goes forward to completion, resulting in a rescript being issued.[2] This view was based on his reading of the last clause of the rule ("upon the entry of the rescript or the denial of the application"). We read the rule differently. In our view, this clause does not condition an award of costs and attorney's fees on the entry of a rescript or the denial of an application. It merely expresses the *timing* of the payment of the fees and costs: they are to be paid at the conclusion of the interlocutory proceedings. The obligation to pay fees and costs is not itself conditional; it is mandatory. The Commonwealth is required to pay the defendant's fees and costs under the rule regardless of whether its application for leave to appeal is allowed and, if it is allowed, regardless of whether the Commonwealth prevails on the appeal. See *Commonwealth* v. *Lopez*, 430 Mass. 244, 246 & n.2 (1999) (payment of fees and costs under rule 15 [d] is mandatory, regardless of merits of Commonwealth's interlocutory appeal). We think the drafters of the rule simply failed to foresee that the Commonwealth might seek and obtain leave to take an interlocutory appeal, only to nol pros the underlying case before the appeal could be entered, and thus failed to make provision for the timing of the payment in such circumstances.

Moreover, the purpose of rule 15 (d) is to "provide[] a needed measure of protection to the rights of defendants by seeking to equalize the resources of the defendant with those of the Commonwealth. A defendant who is able to retain private counsel[3] may not have the funds for an interlocutory appeal from a suppression motion on which he has prevailed. The lawyer should not be placed in the untenable position of either volunteering his services on the appeal or abandoning the defendant. These considerations are present in every case . . . ." *Commonwealth* v. *Gonsalves*, 432 Mass. 613, 617 (2000), *S.C.*, 437 Mass. 1020 (2002), and 441 Mass. 1007 (2004). An interpretation of the rule that deprives the defendant of his attorney's fees and costs in this case would frustrate this purpose and be inequitable.

We therefore conclude that Rosario is entitled to an award of reasonable attorney's fees and costs under rule 15 (d). Given the result he reached, the

---

[1]The Commonwealth did so by filing, in the Superior Court, a motion to dismiss the appeal. A judge in the Superior Court allowed the motion.

[2]Rule 15 (d) of the Massachusetts Rules of Criminal Procedure, as appearing in 422 Mass. 1501 (1996), provides: "If an appeal or application therefor is taken by the Commonwealth, the appellate court, upon the written motion of the defendant supported by affidavit, shall determine and approve the payment to the defendant of his or her costs of appeal together with reasonable attorney's fees to be paid on the order of the trial court upon the entry of the rescript or the denial of the application."

[3]Rosario is represented by privately retained counsel.

single justice expressed no view as to the amount of any such award. However, the parties have fully briefed the issue and have provided ample supporting materials in the record. We have thoroughly reviewed those materials, and we conclude that $2,500 is a reasonable amount of fees and costs. The order denying the defendant's motion for fees and costs and the order affirming that denial after reconsideration are reversed, and the matter is remanded for entry of an order awarding attorney's fees and costs in the amount of $2,500.

*So ordered.*

*Joseph F. Krowski* for the defendant.

*Jane Davidson Montori,* Assistant District Attorney, for the Commonwealth.