NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11482

COMMONWEALTH  vs.  SHABAZZ AUGUSTINE.


Suffolk.     October 10, 2013. - March 11, 2015.

Present:  Spina, Cordy, Botsford, Gants, Duffly, & Lenk, JJ.


Practice, Criminal, Appeal, Interlocutory appeal, Attorney's fees, Request for fees and costs.



Indictment found and returned in the Superior Court Department on July 29, 2011.

Following review reported in 467 Mass. 230 (2014), a motion to award appellate attorney's fees was filed in this court on February 28, 2014.


The case was submitted on briefs.
Matthew R. Segal & Jessie J. Rossman for the defendant.
Cailin M. Campbell, Assistant District Attorney, for the Commonwealth.
Jane Larmon White, Committee for Public Counsel Services, for Committee for Public Counsel Services, amicus curiae.


BOTSFORD, J.  Following our decision in Commonwealth v. Augustine, 467 Mass. 230 (2014), the defendant filed a request for attorney's fees pursuant to Mass. R. Crim. P. 15 (d), as appearing in 422 Mass. 1501 (1996).  He seeks fees for counsel

he engaged to replace his court-appointed counsel for the defense of the Commonwealth's interlocutory appeal in the case. It is undisputed that the defendant is indigent and that his new counsel agreed not to charge him any fees for their services. For reasons explained below, we hold that the defendant is not entitled to the payment of fees under rule 15 (d) in these circumstances.

Procedural background. The defendant was indicted in 2011 for the murder of Julaine Jules. In November, 2012, he moved to suppress "cell site location information" that the Commonwealth had obtained, without a warrant, from his cellular telephone service provider. Augustine, 467 Mass. at 234. A judge of the Superior Court allowed his motion and suppressed the challenged evidence. Id. The Commonwealth thereafter applied for leave to appeal from the adverse ruling in accordance with Mass. R. Crim. P. 15 (a) (2), as appearing in 422 Mass. 1501 (1996).[1] Id. A single justice of the county court granted the application and directed the appeal to proceed in this court. Id. We held that, under art. 14 of the Massachusetts Declaration of Rights,

_____

[1] The rule provides: "A defendant or the Commonwealth shall have the right and opportunity to apply to a single justice of the Supreme Judicial Court for leave to appeal an order determining a motion to suppress evidence prior to trial. If the single justice determines that the administration of justice would be facilitated, the single justice may grant that leave and may hear the appeal or may report it to the full Supreme Judicial Court or to the Appeals Court." Mass. R. Crim. P. 15 (a) (2), as appearing in 422 Mass. 1501 (1996).

the defendant had a reasonable expectation of privacy in his cell site location information, and therefore that a warrant was required for the Commonwealth to obtain the information. Id. at 255. We remanded the case to the Superior Court to give the Commonwealth an opportunity to demonstrate the requisite probable cause for a warrant. Id. at 256.

After we issued our opinion, and before we issued the rescript to the trial court, the defendant filed his motion seeking fees associated with the appeal, pursuant to rule 15 (d).[2] The Commonwealth countered by filing a motion to compel the defendant to disclose his written fee agreement with his counsel, which the defendant opposed and we denied. The Commonwealth then filed an opposition to the fee request, and the defendant filed a reply to the opposition.[3] The matter is now ripe for decision.[4]

---

[2] The rule provides: "If an appeal or application therefor is taken by the Commonwealth, the appellate court, upon the written motion of the defendant supported by affidavit, shall determine and approve the payment to the defendant of his or her costs of appeal together with reasonable attorney's fees to be paid on the order of the trial court upon the entry of the rescript or the denial of the application." Mass. R. Crim. P. 15 (d), as appearing in 422 Mass. 1501 (1996).

[3] The Commonwealth filed in addition a "motion to reserve and report questions of law" concerning the availability of attorney's fees in these circumstances. The defendant indicated that he did not oppose a reservation and report. The Committee for Public Counsel Services (CPCS) also submitted a letter addressing the fee matter. Because fee matters in situations like this are decided by the full court and not by a single

Facts.  The defendant was arraigned in the Superior Court in September, 2011, at which time attorney Steven J. Sack was appointed by the Committee for Public Counsel Services (CPCS) to represent him.  Mr. Sack eventually filed the motion to suppress that ultimately resulted in the Commonwealth's interlocutory appeal.  Augustine, 467 Mass. at 234.  He also represented the defendant before the single justice in the county court when the Commonwealth applied for leave to appeal from the Superior Court's allowance of the motion to suppress, and he continues to represent the defendant in the underlying case in the trial court.  However, Mr. Sack did not represent the defendant before the full court when we heard the Commonwealth's interlocutory appeal.  Rather, for purposes of the appeal before the full court, CPCS appointed attorney Ruth Greenberg, who, we take judicial notice, has represented numerous criminal defendants in appellate cases in both this court and the Appeals Court for more than twenty years.  Ms. Greenberg filed her notice of appearance promptly after the single justice allowed the Commonwealth's appeal to proceed.

---

justice, see Commonwealth v. Ennis, 441 Mass. 718, 721 (2004), and because the defendant's fee request is already pending before the full court, there is nothing to "reserve and report."

[4] As in previous cases, we shall decide the fee matter on the basis of the parties' written submissions, without further argument.  See, e.g., Commonwealth v. Phinney, 448 Mass. 621 (2007); Ennis, 441 Mass. at 721.  We treat the letter from CPCS as an amicus submission, see note 3, supra.

Shortly after the case was entered in the full court, however, two attorneys from the American Civil Liberties Union Foundation of Massachusetts -- Matthew R. Segal and Jessie J. Rossman -- filed notices of appearance indicating that they would be representing the defendant in the full court case,[5] and Ms. Greenberg withdrew her appearance. The circumstances by which Mr. Segal and Ms. Rossman came to represent the defendant, and the reasons why Ms. Greenberg withdrew, are not clear from the materials that are before us. What is clear and undisputed, however, is that Mr. Segal and Ms. Rossman never intended to charge, and in fact did not charge, the defendant any fee for their services. Mr. Segal expressly acknowledges in his affidavit that their agreement was to represent the defendant "at no cost to him."[6]

---

[5] In an affidavit in support of the defendant's motion for fees, Matthew R. Segal also identifies attorney Nathaniel Freed Wessler of the American Civil Liberties Union Foundation as one of the cocounsel in the full court appeal. Mr. Wessler did not enter an appearance in the case.

[6] Mr. Segal states in his affidavit: "I noticed my appearance for [the defendant] on August 13, 2013. Before doing so, attorney Rossman and I met with [the defendant] and finalized a retainer agreement with him providing that we would represent him before the full bench at no cost to him." Likewise, the defendant's motion for fees states: "[B]ecause this appeal raised important civil liberties issues, the American Civil Liberties Union Foundation of Massachusetts undertook to represent [the defendant], at no cost to him, before the full bench."

The defendant requests payment to him of fees in the amount of $12,000 for the services rendered by Mr. Segal in his behalf. Mr. Segal indicates in his supporting affidavit that he expended more than 120 hours of time on the full court case, and that he seeks payment at the rate of one hundred dollars per hour. He represents that "[a]s an exercise of billing discretion" he is not seeking payment for the hours he spent in excess of 120, nor an hourly rate in excess of one hundred dollars even though a higher rate "might reasonably be charged by an attorney with [his] background and experience with criminal appeals." No fees are sought for the work of Ms. Rossman, although Mr. Segal states in his affidavit that she also spent substantial time on the appeal. Nor are fees sought for the work performed by the defendant's court-appointed counsel, Mr. Sack, when the Commonwealth's application for leave to appeal was before the single justice.

Discussion. Rule 15 (d) is one of several rules of criminal procedure that "authorize awards of appellate fees and costs to defendants in those situations where the Commonwealth is entitled to appeal, or seek leave to appeal, from trial court

---

Moreover, Ms. Rossman confirmed to the prosecutor in an electronic mail message that "under our policy, we do not charge any client for our services and we cover the costs for indigent clients."

rulings in a defendant's favor."[7]  Commonwealth v. Phinney, 448

Mass. 621, 622 (2007).  "[A]ll of [these] rules share a common

purpose:  'to equalize the resources of the defendant with those

of the Commonwealth' in cases where a defendant does not have

court-appointed counsel but is forced to defend against a

Commonwealth appeal; and to prevent a defendant's privately

retained counsel from being placed 'in the untenable position of

either volunteering his services on appeal or abandoning the

defendant.'"  Id. at 622 n.2, quoting Commonwealth v. Gonsalves,

432 Mass. 613, 617 (2000), S.C., 437 Mass. 1020 (2002) and 441

Mass. 1007 (2004).[8]

---

[7] The other rules are Mass. R. Crim. P. 25 (c) (2), as
appearing in 420 Mass. 1502 (1997) (Commonwealth appeal from
required finding of not guilty or reduction of verdict); Mass.
R. Crim. P. 30 (c) (8), as appearing in 435 Mass. 1501 (2001)
(Commonwealth appeal from order granting new trial); and Mass.
R. Crim. P. (c) (9), as appearing in 435 Mass. 1501 (2001)
(Commonwealth appeal from order granting new trial in capital
case).  See Phinney, 448 Mass. at 622.

[8] In Commonwealth v. Gonsalves, 432 Mass. 613 (2000), S.C.,
437 Mass. 1020 (2002) and 441 Mass. 1007 (2004), the court
discussed at length the origin and purposes of rule 15 (d), and
rejected a challenge by the Commonwealth to its
constitutionality.  The court stated:

> "Rule 15 (d) provides a needed measure of protection
> to the rights of defendants by seeking to equalize the
> resources of the defendant with those of the Commonwealth.
> A defendant who is able to retain private counsel may not
> have the funds for an interlocutory appeal from a
> suppression motion on which he has prevailed.  The lawyer
> should not be placed in the untenable position of either
> volunteering his services on the appeal or abandoning the
> defendant.  These considerations are present in every case

Although rule 15 (d) does not so state explicitly, our decisions have made clear since the rule was first adopted that it is not applicable to indigent defendants who are represented by counsel appointed or assigned by CPCS. Rather, the rule is intended for the benefit and protection of defendants who do not have appointed or assigned counsel and must incur fees for private representation to defend against a Commonwealth appeal. See Gonsalves, 432 Mass. at 617; Commonwealth v. Murphy, 423 Mass. 1010, 1011 & n.3 (1996). See also Commonwealth v. Rosario, 458 Mass. 1003, 1004 & n.3 (2010) (awarding fees under rule 15; noting that defendant's counsel was privately retained); Commonwealth v. Lopez, 430 Mass. 244, 245 & n.1 (1999) (same).[9] Defendants with appointed or assigned attorneys are not required to expend their own funds for their representation. Their defense, including a zealous defense against any Commonwealth appeal, is paid for by CPCS from its budget appropriation. See G. L. c. 211D.

---

and especially operative when the case involves a significant constitutional issue on which the defense bar has an equal interest with the prosecution in establishing the law."

Id. at 617.

[9] Cf. Phinney, 448 Mass. at 622-624 & n.2 (Rule 30 [c] [9]); Latimore v. Commonwealth, 417 Mass. 805, 807 (1994) (noting, as alternative basis for single justice's denial of fee request under rule 30 [c] [8] [B], that "there was no showing that the defendant had actually incurred any financial obligation to defense counsel").

Here, an indigent defendant was furnished with capable, experienced counsel by CPCS for the defense against the Commonwealth's interlocutory appeal.  Then, as was his right, the defendant engaged private counsel to replace his appointed counsel.  He did not incur any fees for this private representation, however, nor did he legally obligate himself to pay fees, because his new private counsel expressly agreed to represent him "at no cost."  There is, therefore, no need to reimburse him.[10]

The fee provision in rule 15 (d) thus is unlike other types of fee-shifting provisions found elsewhere in our law.  See, e.g., G. L. c. 12, § 11I; G. L. c. 93A, §§ 9 (4), 11; G. L. c. 149, § 150; G. L. c. 151B, § 9; G. L. c. 186, §§ 14, 18; G. L. c. 231, § 59H.  Those other provisions, often statutory, are generally designed with two major purposes in mind.  First, they act as a powerful disincentive against unlawful conduct.  Second, they often provide an incentive for attorneys to provide representation in cases that otherwise would not be financially

---

[10] Rule 15 (d) is a rule of "reimbursement."  See Reporter's Notes to Rule 15 (d), Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1595 (LexisNexis 2014-2015 ed.) ("This subdivision was drafted to dispel any uncertainty concerning the defendant's right to reimbursement of his or her costs of appeal and attorney's fees").  An indigent defendant who has or acquires the means to pay fees for a private appellate attorney, and in fact expends or becomes legally obligated to pay fees for that representation in lieu of CPCS-furnished counsel, of course would be entitled to reimbursement under rule 15 (d).

prudent for them to take on, and in that sense they help to assure that claimants who might not be able to afford counsel, or whose claims are too small to warrant an expenditure of funds for counsel, will be represented. See, e.g., Torres v. Attorney Gen., 391 Mass. 1, 15 (1984); Lincoln St. Realty Co. v. Green, 374 Mass. 630, 632 (1978); Olmstead v. Murphy, 21 Mass. App. Ct. 664, 666 (1986), and cases cited. See generally 1 R.L. Rossi, Attorneys' Fees 3d § 6:7 (2011). Under those types of provisions, therefore, a prevailing party's counsel might be entitled to a fee award even if counsel did not actually charge the party for fees. See, e.g., Torres, supra at 14-15 & n.14, and cases cited. See also Polay v. McMahon, 468 Mass. 379, 388-389 (2014).

By contrast, the fee provision in rule 15 (d) does not exist to deter or punish misbehavior by the Commonwealth, such as pursuing meritless appeals. The Commonwealth is required to pay a defendant's appellate fees under rule 15 (d) regardless of whether it ultimately prevails or loses on appeal.[11] Nor is rule

---

[11] We refer to "the Commonwealth" in two senses here. First, "the Commonwealth" is the prosecuting entity in the criminal case, represented by a district attorney's office or by the Attorney General. Second, it is "the Commonwealth" that is required to reimburse a defendant under rule 15 (d) for attorney's fees that he or she incurs in defense of the interlocutory appeal. More specifically, it is the particular district attorney's office that prosecutes the appeal and the administrative office of the Trial Court that are required to reimburse the defendant for his or her fees; each is responsible

(d) designed to encourage attorneys to take on small cases or to provide representation for those who cannot afford it. If a criminal defendant is indigent and entitled to counsel, representation will be provided by counsel assigned or appointed by CPCS, as it was here.

Being indigent, the defendant was entitled to receive, and did receive, appointed counsel to represent him in both the trial court and on appeal at no expense to him. He also was entitled to discharge his appointed counsel and retain private counsel on such terms as he was able, which he did. What he is not entitled to, however, is to have the Commonwealth pay him for private counsel fees that he did not actually incur and was not legally obligated to pay. If that were the case, indigent defendants always would be able to engage private counsel of their choice, in lieu of their court-appointed counsel, at the Commonwealth's expense. There is no such right.[12]

---

for paying fifty per cent of any fee award. See St. 2014, c. 165, § 2, line item 0330-0300 (Trial Court budget for fiscal year 2015); St. 2014, c. 165, § 2, line item 0340-0100 (Suffolk district attorney budget for fiscal year 2015). See also Phinney, 448 Mass. at 624-625; Commonwealth v. Murphy, 423 Mass. 1010, 1011 (1996).

[12] Nothing in our decision in Commonwealth v. Sparks, 431 Mass. 299 (2000), requires a different result. In that case, the defendant was represented by court-appointed counsel both in the trial court and on the Commonwealth's appeal from the dismissal of the indictment pursuant to Mass. R. Crim. P. 15 (a) (1), as appearing in 422 Mass. 1501 (1996). While the appeal was pending, and apparently on his own initiative, counsel

Finally, we acknowledge the argument made by the defendant, and by CPCS as an amicus, that rule 15 (d) disadvantages indigent defendants because it results in the Commonwealth taking more interlocutory appeals against such defendants, knowing that it will not have to pay the defendants' attorney's fees.  The defendant cites in support an affidavit from the prosecutor filed in opposition to the defendant's request for fees, which states among other things that the district attorney's office takes into account, as one factor in deciding whether to pursue an interlocutory appeal, the fact that the district attorney will be required to pay the defendant's attorney's fees if the defendant is represented by privately

arranged for two other attorneys, who had not been authorized by CPCS for this purpose, to assist him with the appeal.  Sparks, 431 Mass. at 300, 303-304.  At the conclusion of the appeal, all three attorneys then moved for fees pursuant to rule 15 (d). Id. at 301.  Considering the case on further appellate review, we agreed with the Appeals Court that "pursuant to rule 15 (d), the prosecution is not required to reimburse private counsel for legal services arranged by court-appointed counsel without the knowledge and authorization of CPCS" (quotation and citation omitted).  Id. at 304-305.  The focus of our analysis was the fact that the defendant's court-appointed counsel had acted on his own initiative, without CPCS authorization and apparently without the knowledge and assent of the defendant himself, in bringing the two private attorneys into the case.  Id. at 302. Nevertheless, the court did not say or suggest that, but for the absence of CPCS authorization, the defendant would have been entitled to payment of attorney's fees that he did not actually incur for the privately-retained appellate counsel.  To the contrary, the court spoke approvingly of an "indigent defendant's right to dismiss appointed counsel and retain his own private counsel under a private payment arrangement" (emphasis added).  Id. at 304 n.7.

retained counsel.  It would be improper for the district attorney (the Commonwealth) to adopt a policy or practice for handling interlocutory appeals that unfairly discriminates against and disadvantages indigent defendants based on the fact that they are represented by appointed counsel paid with public funds.  The affidavit, however, is insufficient by itself to establish that in this case the Commonwealth's decision to pursue an interlocutory appeal under rule 15 (a) (2) was made with discriminatory intent towards, or was part of a pattern resulting in a disparate, discriminatory impact on, indigent defendants.  As our underlying opinion in this case indicates, the issues raised by the Commonwealth in its appeal were of major legal significance and public importance, and it is difficult to believe that the Commonwealth's pursuit of this particular appeal hinged on the fact that the defendant was indigent.  We leave for another day any questions that might arise if it were shown that the Commonwealth actually employs rule 15 (d) in a discriminatory fashion.

Conclusion.  For the reasons we have stated, the defendant's motion for appellate attorney's fees pursuant to rule 15 (d) is denied.

So ordered.