NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-211

COMMONWEALTH

vs.

DAVID CLASS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, David Class, appeals from an order in the Superior Court denying his motion to suppress evidence obtained through searches that were based on information obtained by a series of wiretap warrants.  On appeal, the defendant contends that (1) the warrant applications and warrants were not supported by probable cause and were unconstitutionally overbroad, (2) the warrant applications failed to satisfy statutory disclosure requirements, and (3) the warrants failed to comply with statutory notice provisions.  We affirm.

Background.  In 2018 and 2019, the State police conducted a large-scale narcotics and firearms investigation that identified the defendant as a potential coconspirator in a drug trafficking

1

operation.  During the investigation, law enforcement obtained a series of wiretap warrants and orders authorizing global positioning system (GPS) surveillance of two of the defendant's cell phones and his vehicle.

The first wiretap warrant was supported by an affidavit that identified the defendant as a target related to an investigation of an ongoing criminal conspiracy and leader in a gang of drug dealers.  The affidavit stated that the alleged coconspirators used certain cell phones to facilitate cocaine trafficking through text and voicemail communications.  On December 6, 2018, a judge issued a warrant authorizing, for a period of up to fifteen days, the interception of oral, wire, and electronic communications, electronic interrogation, and real-time GPS and cell site location information (CSLI) of a cell phone known to be used by the defendant.

As set forth in a subsequent affidavit, information obtained pursuant to the December 6, 2018, warrant showed that the defendant used his targeted cell phone and vehicle to facilitate cocaine distribution to alleged coconspirators.  GPS data also showed that the defendant had engaged with an unidentified "larger level" supplier.  This information was used to support an application for a fifteen-day extension of the warrant.  After searches suggested that the defendant was using a new cell phone while continuing to use the same vehicle to

2

distribute drugs, the judge issued another warrant, dated January 4, 2019, that authorized the interception of oral, wire, and electronic communications, electronic interrogation, and real-time GPS and CSLI for this second cell phone. A separate order, issued December 13, 2018, authorized the installation of a GPS device to track the defendant's vehicle and was extended for two additional fifteen-day periods.

The fruits of this series of wiretaps and orders were incorporated into applications for search warrants directed at the defendant, among others, which led to the seizure of drugs, firearms, and ammunition at locations associated with the defendant. The defendant was indicted on numerous counts, including various drug trafficking and firearms offenses with habitual offender enhancements. The defendant and codefendants filed an omnibus motion to suppress evidence, challenging the validity of the wiretap warrants, orders for GPS surveillance, search warrants, wiretap searches, and GPS cell phone pings, claiming that they failed to comply with G. L. c. 272, § 99, the Massachusetts wiretap statute, and 18 U.S.C. § 2510, the Federal wiretap law. After receiving documentary evidence at a hearing, a second judge denied the motion. The defendant entered a conditional guilty plea that reserved his right to challenge the

denial of his motion to suppress on appeal.[1]  See Mass.

R. Crim. P. 12 (b) (6), as appearing in 482 Mass. 1501 (2019).

Standard of review.  Ordinarily, "[i]n reviewing a decision

on a motion to suppress, 'we accept the judge's subsidiary

findings of fact absent clear error but conduct an independent

review of [the] ultimate findings and conclusions of law.'"

Commonwealth v. Ramos, 470 Mass. 740, 742 (2015), quoting

Commonwealth v. Colon, 449 Mass. 207, 214, cert. denied, 552

U.S. 1079 (2007).  Where, as here, the judge's findings are

based exclusively on documentary evidence, we review the judge's

findings of fact, as well as the judge's conclusions of law, de

novo.  See Commonwealth v. Perry, 489 Mass. 436, 443 (2022).

Discussion.  1.  Probable cause.  The defendant contends

that certain wiretap warrant applications and wiretap warrants

were not supported by probable cause.  In the context of

---

[1] The parties' written agreement for the defendant's
conditional guilty plea complied with the requirement of Mass.
R. Crim. P. 12 (b) (6), as appearing in 482 Mass. 1501 (2019),
that it "specify the ruling or rulings that may be appealed,"
but did not comply with the requirement that it "must state that
reversal of the ruling or rulings would render the
Commonwealth's case not viable on one or more specified
charges."  The parties remedied this error after the appeal was
entered.  Specifically, the Commonwealth represented in a
supplemental memorandum that "[i]f the defendant's omnibus
motion had been allowed, the Commonwealth would have been unable
to prove any of the charges in this case," and the defendant
agreed with that representation.  Trial judges are reminded that
they should not accept a conditional plea without first
obtaining compliance with Mass. R. Crim. P. 12 (b) (6).

4

location tracking through GPS and CSLI, a warrant application must show probable cause to (1) "believe that a particularly described offense has been . . . committed" and (2) that the information sought will "produce evidence of such offense or will aid in the apprehension of a person who the applicant has probable cause to believe has committed . . . such offense" (citation omitted). Commonwealth v. Augustine, 467 Mass. 230, 236 n.15 (2014), S.C., 470 Mass. 837 and 472 Mass 448 (2015). "Probable cause exists where the facts and circumstances within . . . [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed . . . ." (quotation and citation omitted). Commonwealth v. Rousseau, 465 Mass. 372, 384-385 (2013).

The defendant does not dispute that the affidavits set forth probable cause that crimes were being committed. Instead, he contends that (1) the warrants for CSLI and GPS data were unconstitutionally overbroad, and (2) the affidavits submitted in support of the warrant applications did not establish the requisite nexus between the sought-after evidence and the crimes. We are not persuaded.

"The Fourth Amendment, art. 14, and G. L. c. 276, § 2, require that a search warrant describe with particularity the

5

places to be searched and the items to be seized."  Commonwealth v. Perkins, 478 Mass. 97, 106 (2017).  "The dual purposes of the particularity requirement are '(1) to protect individuals from general searches and (2) to provide the Commonwealth the opportunity to demonstrate, to a reviewing court, that the scope of the officers' authority to search was properly limited.'"  Commonwealth v. Holley, 478 Mass. 508, 524 (2017), quoting Commonwealth v. Valerio, 449 Mass. 562, 566-567 (2007).  Defining the permissible parameters of time for a CSLI search that is justified by probable cause is a "fact-intensive inquiry, and must be resolved based on the particular facts of each case."  Commonwealth v. Hobbs, 482 Mass. 538, 549 (2019), quoting Holley, supra at 522.  A warrant may authorize the monitoring of real-time location information through GPS and CSLI for no longer than fifteen days.  See Commonwealth v. Connolly, 454 Mass. 808, 825 (2009).

Here, even though the initial warrant and subsequent extensions each complied with the fifteen-day maximum, the defendant argues that they amounted to impermissible general warrants because of their breadth and around-the-clock applicability.  We disagree; the parameters of the warrants were justified by the nature of the ongoing criminal conspiracy and the relationship of the coconspirators therein, including their use of the identified cell phones and vehicle in furtherance of

6

it.  The defendant contends that the warrants should have been limited to "communications deemed material to the designated offense and/or reasonably believed to be related to the designated offense," but, as the motion judge explained, there is "no additional legal requirement for a showing that, in all places and at all times covered by each order, the phones will be used in illegal narcotics dealing, or otherwise demonstrate the location of existing or future target criminal activity."[2]

We also reject the defendant's argument that the affidavits failed to demonstrate "a sufficient nexus between the criminal activity for which probable cause has been established and the physical location of the cell phone . . . of the person the applicant has probable cause to believe has committed the offense, at least for the time and place of the criminal activity."  See Hobbs, 482 Mass. at 547.  "To establish the requisite nexus, the affidavit must demonstrate a substantial basis to conclude that 'the items sought are related to the criminal activity under investigation, and that they reasonably

---

[2] Even warrants that are overbroad in some respects do not prejudice a defendant so long as the information relied on is limited to the crime itself and the Commonwealth does not exploit the overbreadth.  See Commonwealth v. Snow, 486 Mass. 582, 591-592 (2021); Hobbs, 482 Mass. at 550-551.  Where a warrant was overbroad, "the correct remedy is partial suppression only of the evidence that fell outside what would have been a reasonable scope."  Snow, supra at 591.  The defendant did not seek such a remedy here.

may be expected to be located in the place to be searched at the time the search warrant issues.'" Id. at 546, quoting Commonwealth v. Alexis, 481 Mass. 91, 102 (2018). In the context of real-time location information through GPS and CSLI, a search is "reasonably expected to [show] the location of the person possessing the cell phone." Hobbs, supra at 546. See Commonwealth v. Almonor, 482 Mass. 35, 45 (2019) (tracking cell phone "results in 'near perfect surveillance' of its user" [citation omitted]).

Here, the initial affidavit demonstrated probable cause that the defendant was engaged in a drug trafficking conspiracy and used a particular cell phone to facilitate drug transactions. Information subsequently obtained pursuant to the initial warrant demonstrated that the defendant utilized a second cell phone and his vehicle to facilitate drug transactions with the alleged coconspirators and suppliers. These facts provided a sufficient basis to conclude that real-time location information from the defendant's cell phones and vehicle would likely reveal information concerning the conspiracy under investigation. See Alexis, 481 Mass. at 102. See also Hobbs, 482 Mass. at 544 ("[I]nferences drawn from the affidavit need only be reasonable, not required").

2. Disclosure. The defendant asserts that the warrant applications failed to comply with the Massachusetts wiretap

8

statute because they did not disclose prior interceptions of the defendant.  The application for the December 6, 2018, warrant stated, "We are aware of no prior application submitted for interception of communications occurring on [the defendant's] cellular telephone of 413-378-7361."  As the motion judge recognized, this disclosure "precisely and accurately" tracked the language of the statute, which provides that, "[i]f a prior application has been submitted or a warrant previously obtained for interception of oral or wire communications," a new application must set forth "a statement fully disclosing the date, court, applicant, execution, results and present status thereof."  G. L. c. 272, § 99 (F) (2) (h).  Nevertheless, the judge interpreted the statute as requiring more than just "disclosure of wiretaps of particular devices or phone numbers." Specifically, pointing to the Legislature's intent in avoiding unjustified intrusion on individual privacy, see Commonwealth v. Vitello, 367 Mass. 224, 231 (1975), the judge concluded that the statute also requires "disclosure of prior wiretaps of 'any of the same persons' targeted in the pending warrant application," as the Federal wiretap statute expressly requires.[3]  See 18 U.S.C. § 2518(1)(e).

---

[3] At oral argument, the Commonwealth represented that the Hampden County district attorney's office now discloses on its warrant applications all prior wiretaps involving a particular defendant.

9

We need not decide whether such enhanced disclosure is required under G. L. c. 272, § 99 (F) (2) (h), because, as the motion judge also found, the Commonwealth's application in this case disclosed prior warrants targeting the defendant. It did so by incorporating by reference the supporting affidavit, which in turn disclosed interceptions of the defendant's communications in connection with an earlier United States Drug Enforcement Administration investigation. See Vitello, 367 Mass. at 272 (facts in supporting affidavit may be "deemed incorporated in the warrant so as to supplement particularity requirements"). Thus, as the judge concluded, even if the Massachusetts statute is interpreted as "implicitly requir[ing] disclosure of prior warrants targeting [the same] persons, . . . the facts of this case meet that requirement." We are not persuaded by the defendant's claims that the previous interceptions had to be disclosed in the application itself, or that the disclosure in the affidavit was inconsistent with the statement in the application that tracked the language of the Massachusetts statute.[4]

_____

[4] Because the Commonwealth properly executed its disclosure obligations, we need not address its alternative argument that suppression is unwarranted in the absence of bad faith, unfair advantage, or prejudice. See Vitello, 367 Mass. at 269-270, 273.

10

3. <u>Notice</u>. Lastly, the defendant argues that the warrants failed to comply with the wiretap statute by not providing any alternative direction for deferred service. We disagree.

General Laws c. 272, § 99 (L) (2) permits the postponement of service of a warrant where the issuing judge finds that exigent circumstances exist. See <u>Vitello</u>, 367 Mass. at 268. The application must show "important special facts which set forth the need for continued secrecy to the satisfaction of the issuing judge." G. L. c. 272, § 99 (L) (2). If the judge finds good cause for postponement of service, the warrant must contain "a description of such circumstances, including the reasons for the applicant's belief that secrecy is essential," G. L. c. 272, § 99 (F) (2) (<u>i</u>), and "an alternative direction for deferred service," G. L. c. 272, § 99 (I) (6). The direction for deferred service "may direct that the attested copy of the warrant be served . . . at such time as may be appropriate in the circumstances but [not] later than three (3) years from the time of expiration of the warrant or the last renewal thereof." G. L. c. 272, § 99 (L) (2).

Here, the judges who issued the warrants found that exigent circumstances existed to require postponement of their service "until such time" that the judges made "an appropriate order

11

relative to service."[5]  We agree with the motion judge that the statute does not require the warrant to specify a precise time or method for deferred service where "the timing of deferred service will depend upon future events, not known to the applicant or judge at the time the warrant is signed."[6]  Where the judges could have provided for service of the warrants three years after expiration of their last renewal, G. L. c. 272, § 99 (L) (2), the decision to leave open the possibility of service at an earlier but as-yet-undetermined time was appropriate in the circumstances.

Order denying motion to
  suppress evidence affirmed.

By the Court (Meade,
  Ditkoff & Toone, JJ.[7]),

*Paul Little*

Clerk

Entered:  December 10, 2025.

_____

[5] The defendant does not dispute that exigent circumstances existed.

[6] In a postargument letter pursuant to Mass. R. A. P. 22 (c), as appearing in 481 Mass. 1651 (2019), the Commonwealth stated that the Hampden County district attorney's office tracks the need for service after a postponed-service order issues and files a motion to un-impound the warrant materials for service when grounds for postponement no longer exist or when service is otherwise due.

[7] The panelists are listed in order of seniority.